WM. M. HANKINS, *Plaintiff in Error*, vs. DEAN T. SMITH, *Defendant in Error*.

138 So. 494.

En Banc.

Opinion filed December 15, 1931.

Petition for rehearing denied January 27, 1932.

*Scarlett, Jordan, Futch & Fielding,* for Plaintiff in Error;

*Gardiner & Gardiner,* for Defendant in Error.

ANDREWS, COMMISSIONER.—This is an action at law based upon a contract of lease in which action the lessee seeks to recover damages sustained as a result of fifteen month's eviction from premises on which he had a ten-year lease, and the damages are sought against the lessor, without the joinder of the evictor who is a subsequent grantee and present holder of the fee simple title. A demurrer was sustained to the amended declaration as a whole containing four counts and final judgment for defendant was entered. The case is here upon writ of error.

Each of the four counts of the declaration states the cause of action in slightly varying language from the other

three counts, but the fourth or last count probably best covers the allegations relied upon principally for a recovery, although all four are involved in this appeal.

It appears to be conceded in defendant's brief that if the declaration had alleged that the constructive eviction of plaintiff lessee was brought about by grantee "acting under the sanction and authority of the defendant lessor that defendant would not have a clear and undisputed defense." The plaintiff insists that such words if set forth would have been demurrable as conclusions of the pleader, and contends that the declaration does allege ultimate facts which show that as a matter of fact the acts complained of were done under defendant's sanction and authority.

It must be conceded that unless the defendant, Dean T. Smith, sanctioned or in some manner caused the grantee, Roth, to effect a "constructive eviction" of plaintiff, that Smith could not be held responsible for an act with which he had no connection.

The nearest approach to such a charge in the declaration against Smith is that it is alleged in substance that he conveyed the fee simple title to the property to Roth a "straw man" and placed him in possession and control and said Roth was then and now insolvent and judgment proof, and shortly after being in control Roth tore the roof and two upper stories from over the leased drug store and caused the damages alleged and that the defendant Smith by and through the said Alan Roth thus evicted the plaintiff, etc.

Under proper allegations a lessee in possession may show that a conveyance of the leased premises was a mere "colorable sale", or formal transfer with no *bona fide* intent to permanently deed away the property, but was made merely for the purpose of ousting the lessee; and when sufficiently alleged the question as to whether the sale was *bona fide* is one of fact for the jury to decide upon the evidence. See L. R. A. 1915 C. 240, 241. The relation of

landlord and tenant arising out of the contract, like other contracts, is vitiated by fraud or deception causing injury to the other party.

In substance plaintiff argues that the lease having been made in 1924, that the great increase in value of the leased premises by 1925, caused a colorable sale of the fee title to a judgment-proof grantee who by tearing down the upper two stories of the building tried to evict permanently the plaintiff lessee.

It could hardly be maintained that there is alleged an "actual" eviction. In fact it is noted from the declaration that the cause of action is apparently based upon a "constructive", rather than actual, eviction. A "constructive eviction" is an act which, although not amounting to an actual eviction, is done with the express or implied intention, and has the effect, or essentially interfering with the tenant's beneficial enjoyment of the leased premises. 36 C. J. 256, Sec. 980. It may constitute a constructive eviction if the landlord does any wrongful act or is guilty of any default or neglect whereby the leased premises are rendered unsafe, unfit, or unsuitable for occupancy in whole, or in substantial part, for the purposes for which they were leased. 36 C. J. 264, Sec. 992.

The contract of lease, omitting the formal parts, simply provides: That in consideration of the covenants therein contained on the part of the said lessee to be kept and performed, the said lessors do hereby lease to the said lessee the property described, to have and to hold for a term of ten years and five months from the first day of May, 1924, the said lessee paying therefor a monthly rental of $75.00 until the first day of September, 1929, and $100.00 per month thereafter for five years, the same to be paid in monthly rentals on the 10th day of each month, etc.

The plaintiff's cause of action is based upon a breach of lease and plaintiff insists that a covenant for quiet, peaceful and uninterrupted enjoyment and use is implied in

every contract of lease of lands for years by whatever form or words the agreement is made while the defendant lessor contends that there being no personal covenants in the lease which he is bound to keep and perform, as the reversion has been transferred and the lessee had accepted the transferee as his landlord by attorning to him since the alleged eviction.

We fail to find that similar issues to those involved in the present case have ever been passed upon by this Court, and so far there appears to be no statute or rule in this State touching the liability of a lessor for failure to protect the uninterrupted use and enjoyment of the leasehold after the conveyance of the fee to a third party.

The transfer of the reversion usually meets the same tests as are applied to transfers generally; and since under the common law a livery of seizin may not be possible because of the tenant's possession of the premises, the reversion was usually transferred by what was regarded as the equivalent of livery of seizin; that is, conveyance under seal with attornment. "Attornment" at common law is the act or agreement, actual or implied, to become the tenant of a stranger who has acquired a fee in the land or reversion, and putting such person in the place of another as the tenant's landlord. 35 C. J. 965, Sec. 37; Black's Law Dictionary.

The declaration alleges that "plaintiff has at. all times paid the rent as provided for in the lease", and does not allege to whom the rent was paid, but presumably to the grantee. The defendant contends that the above allegation estops plaintiff claiming damages as against him.

The declaration bases plaintiff's claim for damages apparently upon an implied covenant in the lease from defendant Smith for peaceful and quiet enjoyment, which covenant under the conditions pleaded continued after the alleged colorable transfer to the plaintiff. See 36 C. J. 78 and 82, Secs. 697 and 706.

While the lease does not in terms covenant for peaceable and quiet enjoyment the rule seems to be generally established that such is implied in every lease, from the very use of such words as "lease", or "demise". 1 Tiffany on Landlord and Tenant, Sec. 19; 36 C. J. 74, Sec. 635; 5 Elliott on Contracts, Sec. 4559.

We find that the following principle as to implied covenants for quiet enjoyment are established in most of the other states:

"While there was some difference of judicial opinion regarding the rule at an early time, it seems now to be established that, in the absence of an express covenant inconsistent therewith, the ordinary lease of realty raises an implied covenant that the lessee shall have the quiet and peaceable possession and enjoyment of the leased premises, so far as regards the lessor, or anyone asserting a title to the leased premises superior and paramount to that of the lessor." 62 A. L. R. 1258.

It can hardly be questioned that one of the most valid and indispensable elements of a lease for a term of years is the peaceful, uninterrupted enjoyment of the premises leased, otherwise, a lease in most instances, might be of little or no value. However, there is no direct allegation in the declaration, nor can it be gathered from the declaration as a whole, except possibly by inference, that the acts complained of were instigated, or sanctioned by the lessor, and unless it does so appear, the lessor cannot be held liable for the acts of his grantee after lessor had parted with his title and ownership especially if the lessee continued to attorn thereafter to the new landlord; therefore it was not error to sustain defendant's demurrer. It appearing that error was not committed by the trial court in sustaining the demurrer, said judgment ought to be affirmed.

Judgment affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion, pre-

898

pared under Chapter 14553, Acts of 1929, adopted by the court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby, affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.