PER CURIAM.
The appellant entered into a written lease with Patricia Shiftman, whereby appellant leased from Shiftman a “Private residence, including guest house” on Miami Beach, for a term of one year, being the calendar year of 1974. The rent for the period was $10,000.00, payable in monthly installments of $833.33. Thereunder the lessee deposited $833.33 as security “to cover breakage, loss and/or damage to the furniture, furnishings, fixtures, equipment or property, normal wear and tear excepted.” Regarding assignment, the lease provided: “The contract shall not be assigned by either Lessor or Lessee without the written consent of the other”.
On January 14, 1974 the lessor conveyed the property to Henry Ruzakowski, and on January 15, 1974 the lessor made a written assignment of the lease to the new owner. However, the lessee was without knowledge thereof until the latter part of April 1974 when he was advised of such action by a letter from an attorney representing the lessor.
*843 Through May of 1974 monthly rental payments in the amount specified were made by the lessee to the lessor. Subsequent monthly payments were made by the lessor to the new owner, in lesser amounts than specified, $500.00 in June and $400.00 for subsequent months, through November.
On December 2, 1974 the owner filed an action against the lessee in the county court alleging rent arrears of $2349.98, seeking recovery thereof and ouster. Complying with the ouster demand, the lessee vacated the premises, and on December 23, 1974 an order was entered by the county court transferring the action to the circuit court. On final hearing in that court judgment was entered in favor of the plaintiff against the lessee for $2382.48, representing the unpaid portion of the rent, $2349.98 and costs of $32.50.
On appeal therefrom the lessee contends entry of the judgment was error, on the ground that assignment of the lease by the lessor without lessee’s written consent was a breach of the lease such as to relieve the lessee of liability for such unpaid portion of the stipulated rent. In support thereof the appellant argues the assignment without consent operated to terminate the lease, making his subsequent occupancy of the premises a month to month tenancy at will.
We hold those contentions are without merit. When informed of the sale of the property, and of the assignment of the lease to which he had not given consent, the lessor made no objection thereto, and by making monthly payment to the assignee the lessee attorned. Hankins v. Smith, 103 Fla. 892, 138 So. 494 (1931).
Entry of judgment against the lessee for the unpaid portion of the rent as provided for in the lease was correct, but no sound reason was shown why the lessee should not receive credit for the $833.33 he had given as a security deposit. Accordingly, the judgment is amended to reflect such credit, thereby reducing the judgment from $2382.48 to $1549.15.
As so amended the judgment is affirmed.