MILLS, Acting Chief Judge.
This is an appeal from an order amending a final judgment to include a ruling on a third party complaint for indemnification.
The Robinsons owned land east of Tallahassee which they leased to the Linzys. Later, the Robinsons entered into an option agreement with Bailey which covered the land leased to the Linzys. Bailey exercised the option and Robinsons executed a deed to Bailey which was recorded on 2 August 1974.
On 14 August 1974, Bailey filed suit against the Linzys seeking a declaratory judgment, damages exceeding $250,000 and a mandatory injunction requiring the Lin-zys to surrender possession of the property. The Linzys filed their answer, affirmative defenses, and counterclaims. The Linzys’ attorney wrote to the Robinsons demanding that the Robinsons, as their landlord, defend them against the Bailey suit. The Robinsons did not respond and on 12 March 1975 the Linzys filed a third party complaint against the Robinsons for indemnification. Bailey then filed suit against the Robinsons alleging breach of warranty.
Trial without a jury was held in May of 1976 and on 12 July 1976 judgment was entered finding against Bailey on its complaint against the Linzys and its complaint against the Robinsons. On 7 September 1976, the judgment was amended to include a determination of the property covered by the Linzy lease. On 13 April 1977, this Court affirmed the trial court’s orders.
On 11 July 1977, the Linzys filed a motion pursuant to Rule 1.540, Fla.R.Civ.P., requesting further amendment of the orders of 12 July and 7 September 1976. The motion states as its grounds for relief the following:
“1. That through oversight, mistake and inadvertence, previous orders of this Court did not speak to the Defendant/Counterplaintiffs’ claims for indemnity and damages against the Third Party Defendants, Robinson.
“2. That the issues omitted in the previous orders of this Court were tried before the Court at the same time that the claims of Plaintiff, Bailey, against Defendant/Counterplaintiffs, Linzy, and the claims of Defendant/Counterplaintiffs, Linzy were tried against Bailey.”
On 7 September 1977, the trial court entered an order granting the motion for relief and ordering Robinson to indemnify the Linzys for costs and expenses, including attorney’s fees, suffered by Linzy in defense of the suit brought by Bailey. A hearing was held, and on 1 May 1978, an order was entered awarding $22,900 in attorney’s fees.
The Robinsons first contend that the motion for relief was insufficient under Rule 1.540 because it did not allege any facts to *48 support the allegation of “oversight, mistake and inadvertence”.
We think that the motion is sufficient. It alleges the fact that there was a third party complaint for indemnification, the fact that the issues raised by the third party complaint were tried at the same time as the other issues, and the fact that the previous orders of the court did not address the third party complaint. A hearing on the motion was held but we do not have the benefit of a transcript of the proceeding since it was not recorded. The trial judge was in a position to know whether the failure to address the third party complaint in the prior order was due to mistake, inadvertence or oversight. The trial judge has broad discretion under Rule 1.540, and there must be a showing of gross abuse of discretion before a ruling thereunder will be disturbed. Schwab & Co., Inc. v. Breezy Bay, Inc., 360 So.2d 117 (Fla.3d DCA 1978). Further, under the circumstances of this case, we question whether a Rule 1.540 motion was even necessary since there had been no judgment entered which addressed the third party complaint.
The order of 12 July 1976 does not rule on the third party complaint of the Linzys against the Robinsons. In that order the Court states that a hearing was held on the various claims filed in the cause, including the Linzys’ claim for indemnification, and then makes the following findings and adjudications:
“The Court, therefore, finds:
1. Linzy is entitled to possession until June 1, 1977.
2. Linzy is entitled to recover from Bailey such damages as Linzy has sustained resulting from the interference of Linzy’s possession by Bailey, together with all costs and expenses suffered or incurred by Linzy in sustaining Linzy’s right to possession.
3. That Bailey is not entitled to damages or indemnification from Robinson under the Option Agreement, the deed to Bailey from Robinson dated August 2, 1974, or the corrected deed of April 21, 1975.
“It is, thereupon, ORDERED AND ADJUDGED as follows:
1. That Nathan Leo Linzy and Patricia J. Linzy are hereby entitled to and are confirmed in their right to possession of the real property which is the subject matter hereof until June 1, 1977.
2. That upon filing of the proper and necessary notice jury trial will be had as to the claim for damages by Nathan Leo Linzy and Patricia J. Linzy against E. Lamar Bailey and Ernest Bailey, d/b/a E. Lamar Bailey and Associates.
3. That E. Lamar Bailey and Ernest Bailey d/b/a E. Lamar Bailey and Associates shall take nothing by their complaint against the third party defendants and the third party defendants Elbert C. Robinson and Verna Cotten Robinson, his wife, Arthur J. Robinson and Jennie Stewart Robinson, his wife, and Rosalie Robinson Gordon-Mills shall go hence without day.”
The numbered paragraphs of the findings correlate to the paragraphs of the same number in the orders and adjudications. Paragraphs numbered 1 address the complaint brought by the Baileys against the Linzys; paragraphs numbered 2 address the counterclaim of the Linzys against the Rob-insons; paragraphs numbered 3 address the third party complaint of the Baileys against the Robinsons. Obviously missing is any ruling on the third party complaint brought by the Linzys against the Robinsons. The fact that Linzys’ third party complaint had never been addressed was recognized by the trial court in its order of 7 September which stated:
“The previous Orders entered in this cause dated July 12,1976, and September 7, 1976, are.silent as to the third party claim by Defendant/Counterplaintiff LINZY for indemnification by Third Party Defendant ROBINSON.”
The Robinsons also contend that the court erred in holding them liable for the damages sustained by the Linzys in defending the suit brought by Bailey. Citing to Hankins v. Smith, 103 Fla. 892, 138 So. 494 *49 (1931), the Robinsons argue that a lessor who has conveyed the leased property cannot be held liable under a breach of covenant of quiet enjoyment for damages sustained by the lessee due to the actions of the subsequent grantee.
We do not think that the holding in Han-kins v. Smith is as broad as the Robinsons contend. In Hankins the lessee sought to recover damages from the lessor as a result of the lessees being evicted by a subsequent grantee of the lessor. The Supreme Court affirmed the judgment of the trial court in sustaining the lessor’s demurrer to the complaint noting that the lessee had attorned to the subsequent grantee and that there was no allegation in the complaint that the acts complained of by the lessee were instigated or sanctioned by the lessor.
In the present case, there was no attornment. The Linzys continued to pay rent to the Robinsons and considered the Robinsons to be their landlord. Further, the trial court found the Robinsons liable for the Linzys’ damages only after considering the evidence and testimony presented at a two-day trial. Without a transcript of the testimony, which is unavailable since the hearing was not recorded, we cannot know all the facts upon which the trial court based its judgment. We, therefore, cannot hold that the court erred in finding the Robin-sons liable to the Linzys.
The amount of attorneys’ fees awarded was supported by the evidence.
The order of the trial court is affirmed.
ERVIN, J., concurs.
BOOTH, J., dissents.