507 So.2d 148 (1987)
Elaine Marie BARTON, Appellant,
v.
The MITCHELL COMPANY, etc., et al., Appellees.
No. 4-86-2001.
District Court of Appeal of Florida, Fourth District.
May 6, 1987.
Bruce A. Zeidel of Cohen, Scherer, Cohn & Silverman, P.A., North Palm Beach, for appellant.
Joseph S. Karp of Bernstein, Narkier, Monchick & Karp, West Palm Beach, for appellee  The Mitchell Co.
WALDEN, Judge.
This is a landlord tenant action. Ms. Barton leased premises for five years from the Mitchell Company for the purpose of operating a retail store selling patio furniture. The lease began on November 1, 1982. On August 3, 1985, Ms. Barton vacated the property. The landlord sued Ms. Barton, and following the non-jury trial, received judgment for $18,929.57, plus interest, basically representing rent to the date of the judgment and rent thereafter for the unexpired term. Ms. Barton appeals. We reverse based upon our view that the landlord breached a material provision of the lease to the end that Ms. Barton was constructively evicted from the premises.
The pertinent facts are not disputed.
In October or November of 1984, the landlord leased an adjacent space to Body *149 Electric, which space adjoined Ms. Barton's space on two sides. Body Electric operated an exercise studio. Loud music, screams, shouts and yells accompanied the operation of Body Electric during business hours. The intensity and volume of such noise manifestly impacted upon the operation of Ms. Barton's business. It caused the walls to vibrate, and a painting to fall off the wall. It made it difficult, if not impossible, for Ms. Barton to conduct her business. She lost customers and salespersons because of the noise.
Ms. Barton complained over and over to the landlord. The landlord promised repeatedly to remedy the problem to include insulating the uninsulated party walls. The landlord did nothing in the period from October or November 1984 till August 3, 1985 when Ms. Barton vacated. On the same day and immediately following Ms. Barton's departure, the landlord undertook some measures to alleviate the noise problem.
The landlord says that it has no responsibility for the inability of Ms. Barton to operate her business on account of the noise and vibration coming from the adjacent tenant's premises because of paragraph 20 of the lease:
Landlord shall not be liable to Tenant or any other person for any damage or injury caused to any person or property by reason of the failure of Landlord to perform any of its covenants or agreements hereunder,... or for any damage arising from acts or negligence of other tenants or occupants of the Shopping Center. Tenant agrees to indemnify and save harmless the Landlord from and against any and all loss, damage, claim, demand, liability or expense by reason of any damage or injury to property or person which may be claimed to have arisen as a result of or in connection with the occupancy or use of said Premises by Tenant.
We disagree with the landlord's interpretation because here no one is seeking to sue or impose liability or collect damages from the landlord.
As we view it, the dispositive lease proviso is paragraph 40 entitled Quiet Enjoyment:
Tenant, upon paying the rents and performing all of the terms on its part to be performed, shall peaceably and quietly enjoy the Demised Premises subject nevertheless, to the terms of this lease and to any mortgage, ground lease or agreements to which this lease is subordinated or specifically not subordinated as provided in Article 29(b) hereof.
When there is a constructive eviction such constitutes a breach of the covenant of quiet enjoyment. Richards v. Dodge, 150 So.2d 477 (Fla. 2d DCA 1963). A constructive eviction occurs when a tenant is essentially deprived of the beneficial enjoyment of the leased premises where they are rendered unsuitable for occupancy for the purposes for which they are leased. Hankins v. Smith, 103 Fla. 892, 138 So. 494 (1931). See also Berwick Corp. v. Kleinginna Investment Corp., 143 So.2d 684 (Fla. 3d DCA 1962); Wade v. Herndl, 127 Wis. 544, 107 N.W. 4 (1906); and Eskanos and Supperstein v. Irwin, 637 P.2d 403 (Colo.Ct. App. 1981).
Since this was a large shopping center, we assume, we hope correctly, that all leases were similar. In paragraph 11 of the printed lease, it was stated that, "nor shall tenant maintain any loud speaker device or any noise making device in such manner as to be audible to anyone not within the premises."
Thus, from our overview, we hold, according to the mentioned authorities, that Ms. Barton was constructively evicted from the premises at the time of her departure and, therefore, has no responsibility for rent thereafter. Here, the landlord was advised of the difficulty. The landlord acknowledged responsibility and agreed to remedy the situation and had the means to do so. The terms of the lease with reference to noise could have been enforced against Body Electric. The walls could have been insulated. Yet the landlord did nothing. Despite the damage to her business, Ms. Barton waited a reasonable time for the landlord to act.
*150 The judgment on appeal is
REVERSED.
ANSTEAD and DELL, JJ., concur.