DANIEL, Chief Judge.
Bermuda Avenue Shopping Center Associates, L.P. (landlord) appeals a final judgment in favor of Moe and Joe Rappaport (tenants) in an action for breach of a lease agreement. The landlord contends that the trial court erred in finding that the tenants had been constructively evicted. The landlord also argues that the evidence does not support the award of $15,000 in damages to the tenants. We find no error and affirm.
The tenants leased space in a shopping mall from the landlord to use as an indoor golf arcade. The lease was signed in May, 1987. The lease term was to commence 45 days later as the tenants wanted to be open for business by the July 4th weekend. The tenants were aware that the landlord intended to do away with an exterior wall in the mall but were not told about any other plans for renovations.
According to the tenants, the premises were not ready for occupancy until July 22, 1987, and even then the landlord had failed to properly finish the floors and to provide electrical outlets and a sprinkler system. In any event, from July 23 until August 18, the arcade was busy. On August 18, the renovation of the mall began in front of the arcade. According to the tenants, their store sign was taken down, there were debris and dust in front of the store, the sidewalks and parking spaces in front of the store were taken away and their business “died”. The tenants closed their arcade on September 30 and testified that they would never have signed the lease had they been informed that the mall was about to undergo a complete renovation.
The following month, the tenants filed suit against the landlord, alleging in part that they had been constructively evicted. The landlord counterclaimed for breach of the lease, seeking lost rental income as part of its damages. The trial court found in favor of the tenants on their claim and against the landlord on its counterclaim.
A “constructive eviction” is an act which, although not amounting to an actual eviction, is done with the expressed or implied intention and has the effect of essentially interfering with the tenant’s beneficial enjoyment of the leased premises. Hankins v. Smith, 103 Fla. 892, 138 So. 494 (1931); Kaplan v. McCabe, 532 So.2d 1354 (Fla. 5th DCA 1988). Under Han-kins, constructive eviction arises out of a wrongful act by the landlord “whereby the leased premises are rendered unsafe, unfit, or unsuitable for occupancy in whole or in substantial part, for the purposes for which they are leased.” Kaplan, 532 So.2d at 1356, quoting Hankins, 138 So. at 496.
The evidence in the present case supports the determination that the tenants were constructively evicted. The tenants’ accountant testified that their business *807 made a net profit from its opening until renovation of the mall began, and that a net profit was unusual for a new business. After the renovation, however, the business suffered a net loss. The tenants’ employee testified that the business went from 200 customers per day to 20 to 15 customers per day. Other witnesses testified that the stores near the construction appeared as though they were closed and that the parking spaces and sidewalks near the stores had been eliminated. There was also evidence of dirt, dust, and debris from the construction which affected the stores. The tenants testified that they complained about the situation without relief and then finally closed their business. Since the evidence supports a determination that renovation of the mall rendered the premises unsafe, unfit, and unsuitable for the tenants’ occupancy, the trial court was correct in entering judgment for the tenants and against the landlord. See Barton v. Mitchell Company, 507 So.2d 148 (Fla. 4th DCA 1987); Berwick Corporation v. Kleinginna Investment Corporation, 143 So.2d 684 (Fla. 3d DCA 1962).
A wrongfully evicted tenant may recover for the loss resulting from injury to his business, for improvements to the premises, and for the return of his security deposit. 34 Fla.Jur.2d Landlord and Tenant § 165 (1982). Here, the evidence on behalf of the tenants established that they had incurred damages totalling more than $23,-000 for items such as plumbing, sewer and water impact fees, their sign, their snack bar equipment, the mini golf course and their security deposit. Thus, even excluding lost profits, the evidence supports an award of $15,000 in damages.
AFFIRMED.
COBB and GOSHORN, JJ., concur.