PER CURIAM.
Appellant, Jane Jaffrey, challenges the order awarding attorney’s fees and costs to Baggy Bunny, and argues that Baggy Bunny failed to file a motion to tax fees and costs pursuant to its offer of settlement for $7,501 within thirty days of the jury’s verdict. We agree with Jaffrey and reverse.
Jaffrey filed suit against Baggy Bunny after she slipped and fell on its premises in November of 1994. Baggy Bunny offered Jaffrey $501 to settle her claim, an amount which she rejected. Subsequently, Baggy Buggy offered Jaffrey $7,501; again, she rejected the offer. The parties proceeded to trial, and a jury entered a verdict on behalf of Baggy Bunny.
Consequently, Baggy Bunny filed a motion to tax fees and costs pursuant to its offer of settlement for $501 under section 768.79, Florida Statutes (1997). The trial court found that the offer of settlement for $501 was made in bad faith, but awarded fees and costs to Baggy Bunny pursuant to its offer of settlement for $7,501.
Jaffrey challenges the award of attorney’s fees and costs on the ground that Baggy Bunny failed to file a motion to tax fees and costs pursuant to its offer for $7,501 within thirty days of the jury’s verdict as prescribed in Florida Rule of Civil Procedure 1.442(g). Rule 1.442(g) provides:
(g) Sanctions. Any party seeking sanctions pursuant to applicable Florida law, based on the failure of the proposal’s recipient to accept a proposal, shall do so by service of an appropriate motion within 30 days after the entry of judgment in a nonjury action, the return of the verdict in a jury action, or the entry of a voluntary or involuntary dismissal.
Section 768.79(2) requires that the offer of settlement be in writing, state that it is being made pursuant to the section, name the offeror and offeree, state with particularity the amount offered to settle a claim for punitive damages, and state the total amount of the offer. Rule 1.442 reiterates these provisions and includes several others. Fees and costs will not be awarded where the offer of settlement fails to include the elements prescribed by law. See McMullen Oil Co. v. ISS Int’l Serv. Sys., Inc., 698 So.2d 372, 373 (Fla. 2d DCA 1997)(holding that the trial court properly denied the motion for fees pursuant to section 768.79(2) where the offer lacked the specificity required by the statute and was impermissibly conditional).
A motion to tax fees and costs filed in the trial court “shall be made in writing unless made during a hearing or trial, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.” Fla. R. Civ. P. 1.100(b)(emphasis added). The purpose of rule 1.100 is to put the opposing party on notice of the grounds which will be asserted against it. Although Baggy Bunny filed a motion to tax fees and costs pursuant to its offer of $501, Baggy Bunny’s motion did not request fees and costs pursuant to the offer of settlement for $7,501. The trial court found that the offer of $501 had been made in bad faith, but allowed Baggy Bunny, over Jaffrey’s objections, to introduce the $7,501 offer into evidence. This is exactly the type of ambush which *1142 rule 1.100 seeks to prevent. Because Baggy Bunny never noticed Jaffrey that it intended to seek fees and costs pursuant to the offer of settlement for $7,501 in a motion filed within thirty days after the jury entered its verdict, the trial court erred in granting fees and costs on behalf of Baggy Bunny. Accordingly, we reverse.
REVERSED and REMANDED.
DELL, STEVENSON and HAZOURI, JJ., concur.