PER CURIAM.
Appellant, European Bank Limited (“European Bank”), appeals from the trial *451 court’s Final Judgment Awarding Attorneys’ Fees and Costs to appellees, Sami Slim (“Slim”) and Online Credit Clearing Corporation (“Online Credit”). We affirm the trial court’s award of attorney’s fees and costs to Online Credit but reverse the award to Slim.
European Bank filed suit against Online Credit for breach of a credit card processing agreement and against Slim, a former officer of Online Credit, for fraud, unjust enrichment and conspiracy. In addition to damages incurred on the claims made, European Bank sought attorney’s fees and costs under the terms of the written agreement. After protracted litigation and discovery, when European Bank’s former director would not appear for his deposition, the trial court dismissed European Bank’s lawsuit with prejudice on November 19, 2004.[1]
On December 16, 2004, appellees timely served on European Bank their Motion to Recover Attorneys’ Fees and Costs. Ap-pellees asserted that they were the prevailing parties and were therefore entitled to recover fees pursuant to the terms of the credit card processing agreement, Chapter 726, the Florida Fraudulent Transfer Act and section 57.105, Florida Statutes. Almost a year later on November 30, 2005, appellees filed their Amended Motion to Recover Attorneys’ Fees and Costs. Again they reasserted their entitlement to fees as the prevailing party under the agreement, under Chapter 726, and under section 57.105. Slim added his individual claim for attorney’s fees on the ground that he served a proposal for settlement on February 11, 2002, pursuant to section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442, which was not accepted by European Bank.
After a hearing on the motion, the trial court awarded Online Credit its fees pursuant to the terms of the agreement as well as pursuant to English law.[2] The trial court denied appellees’ claim for fees under Chapter 726. Slim was awarded fees pursuant to his proposal for settlement. Thereafter, the parties stipulated to the amount of fees owed and European Bank appealed.
The trial court awarded Online Credit its fees pursuant to English law and we agree. See Pierce v. J.W. Charles-Bush Sec., Inc., 603 So.2d 625, 629 n. 2 (Fla. 4th DCA 1992) (English rule is that losing party always pays the legal fees of the prevailing party). We find European Bank’s argument to the contrary to be without merit and its other arguments with respect to Online Credit to be without merit. We affirm the trial court’s determination that Online Credit is entitled to attorney’s fees.
Slim’s first motion for attorney’s fees, which he and Online Credit jointly served, was timely. It was served within thirty days after filing the judgment but did not state with particularity his claim for attorney’s fees under his proposal for settlement. See Fla.R.Civ.P. 1.100(b) and 1.525. The amended motion was served almost a year later and was therefore untimely. Slim is not entitled to attorney’s fees and we reverse the trial court’s judgment awarding attorney’s fees to Slim. *452 This holding renders Slim’s remaining arguments moot.

Affirmed in Part; Reversed in Part.

STONE, STEVENSON and HAZOURI, JJ., concur.

. European Bank timely appealed from the dismissal and this court affirmed that dismissal. See European Bank Ltd. v. Online Credit Clearing Corp., 917 So.2d 203 (Fla. 4th DCA 2005).

. The trial court also awarded attorneys' fees pursuant to section 57.105(7), but appellees withdrew their claim thereunder and that issue is not before the court. The agreement upon which European Bank filed suit provided, inter alia, that any dispute would be governed by English law.