DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GINA NUGENT,**
Appellant,

v.

**ANNE-LAURE MICHELIS,**
Appellee.

No. 4D20-523

[March 10, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott R. Kerner, Judge; L.T. Case No. 50-2015-CA-010469-XXXX-MB.

Samuel Alexander of Alexander Appellate Law P.A., DeLand, for appellant.

Michael Compagno of Michael Compagno, P.A., West Palm Beach, for appellee.

CONNER, J.

Gina Nugent ("Plaintiff"), appeals a final order denying her motions for attorney's fees in a constructive eviction action brought against Anne-Laure Michelis ("Defendant"). The issue on appeal is whether the trial court properly denied the motions because the first motion did not specifically allege its grounds and the supplemental motion clarifying the grounds was untimely. We reverse the trial court because of the unique facts of the proceedings. It is probable that this appeal comes to us because an attorney inadvertently cut and pasted the wrong citation of legal authority from another document in crafting the fee motion. The proceedings below had a number of twists and turns due to the number of attorneys who represented Plaintiff and the number of times she proceeded pro se.

*Background*

A tenant sublet to Plaintiff a home owned by Defendant. After noticing water leakage in the home and notifying Defendant of the problem, Plaintiff

had a mold inspection conducted. The inspection revealed mold and water damage. Plaintiff stayed elsewhere while the problem was addressed. In the meantime, Plaintiff's belongings remained at the home. She gave a friend permission to stay there in her absence. Shortly thereafter, Plaintiff's friend returned to the home and found that the locks on the home had been changed. When Plaintiff called Defendant to find out what was going on, Defendant acted like she did not know who Plaintiff was. After Plaintiff contacted law enforcement, a locksmith, and the homeowners' association's security department, Defendant granted Plaintiff's friend access to the home. Plaintiff's friend then discovered that her belongings and Plaintiffs' belongings were no longer inside.

Plaintiff brought a complaint against Defendant for constructive eviction, civil conversion, and unjust enrichment. The constructive eviction count sought damages, costs, and attorney's fees. Defendant counterclaimed for breach of contract and unjust enrichment. Plaintiff filed affirmative defenses to the counterclaim, specifically alleging the claims were barred by section 83.67(6), Florida Statutes (addressing violations of Florida's residential tenancy act).

After conducting a two-day nonjury trial, the trial court found that Defendant violated section 83.67(6) and "unlawfully attempted self help eviction" by changing the locks. The trial court denied Plaintiff's other claims, entered the verdict in favor of Plaintiff, awarded her damages, and "reserve[d] jurisdiction for costs and attorney fees." The trial court also entered judgment in Plaintiff's favor on the counterclaims.

Shortly after trial, using a newly retained attorney, Plaintiff filed a motion for attorney's fees and costs. The motion stated in the introductory paragraph that she was moving "pursuant to Rule 61B-45.048, F.A.C" (a rule pertaining to arbitration) and that she "became the prevailing party to this lawsuit and therefore [was] entitled to an award of attorney's fees and costs." As further grounds, the motion stated that "[t]he Court entered judgment in favor of the Plaintiff" and that the trial court "reserve[d] jurisdiction for Attorney's Fees and Costs on the Final Judgment." The motion did not cite any statute as grounds for fees.

The trial court set the motion for hearing within a few weeks after the motion was filed and ordered Defendant to line item her objections to fees. The hearing was canceled when Defendant filed for bankruptcy shortly before the scheduled hearing date. During the pendency of the bankruptcy proceeding, Plaintiff's counsel withdrew, and Plaintiff was pro se. During this time, the judge who conducted the nonjury trial retired. Once the bankruptcy proceeding was dismissed, Plaintiff filed pro se

documents prompting the successor judge to schedule a hearing on the fee motion. At that hearing, Plaintiff was pro se. Referring to the prior judge's ruling at the end of the nonjury trial, defense counsel told the trial court:

> He indicated that Defendant, my client, has violated 83.676 [sic] by changing the locks. And there's no statement – he states that he is going to reserve jurisdiction of attorney's fees and costs. But if you look at the statute it states that the Court shall award attorney's fees and costs. So that's [the previous judge's] order. It was a three-count complaint. He only held in (inaudible) with the Plaintiff on the constructive eviction case. So I think in light of those two I don't think there's an issue to fight the determination of entitlement as to the construction – constructive eviction case.

When specifically asked if Defendant conceded that Plaintiff was entitled to fees, defense counsel stated: "I believe under 83.67 she's entitled – as to her constructive eviction claim she's entitled to attorney's fees and costs." After the hearing, as suggested by defense counsel, the trial court entered an order stating it would "hold an evidentiary hearing on the amount of fees [and] costs which [Plaintiff] may be able to recover under her constructive eviction claim [and] F.S. 83.67(6)." The order also directed Plaintiff to produce to Defendant, thirty days prior to the fee hearing, whatever documents she intended to use and to cooperate with Defendant in setting the next hearing.

Continuing to represent herself, Plaintiff filed a memorandum in support of her fee motion. The memorandum explained that Plaintiff was requesting fees pursuant to section 83.67(6) and stated that she "was also successful in defending against the two (2) counterclaims filed" by Defendant, pointing out that the counterclaims "asked for the award of attorney's fees and court costs under Florida Statutes § 83.52 and § 83.55 with § 83.43 as controlling authority." Plaintiff further asserted that Defendant "is not entitled to seek a reduction in fees based on the fact that the Plaintiff was only successful in one (1) cause of action. In fact, Plaintiff was successful on three (3) counts."

In addition to her memorandum regarding her motion for fees, Plaintiff filed other pro se motions pertaining to supplementary proceedings she sought to pursue.

After retaining new counsel, Plaintiff next filed a sworn supplemental motion for attorney's fees and costs, asserting entitlement to fees under

3

section 83.67(6). Defendant moved to strike the supplemental motion and Plaintiff's earlier pro se memorandum in support of her original fee motion, contending the supplemental motion and memorandum were untimely attempts to seek additional fees.

Hearings regarding Plaintiff's motions pertaining to supplementary proceedings were set in September 2019 to be conducted at the same time as the attorney fee hearing. The supplementary proceeding motions were resolved by the parties shortly before the fee hearing was conducted. At the beginning of the fee hearing, Defendant raised a concern, for the first time, that the original fee motion did not state specific grounds under the landlord tenant statute for fees. Defendant stated the concern arose from Plaintiff's pro se memorandum followed by her supplemental motion for fees, both of which were inserting new grounds for fees, citing specific statutes. Discussion followed between the trial court and counsel about the beginning and ending dates for the assessment of fees. Defendant contended that Plaintiff was improperly seeking to add fees incurred by her supplementary proceeding motions and motions to collect on her judgment, in essence seeking fees for fees. The trial court announced it was reconsidering its position that the issue of entitlement was previously decided and indicated it was reserving ruling on entitlement. The trial court then directed the parties to brief, before the next hearing, the issues raised during the hearing by Defendant when citing *European Bank Ltd. v. Online Credit Clearing Corp.*, 969 So. 2d 450 (Fla. 4th DCA 2007), with regards to the specificity requirement for fee motions.

The day after the September hearing, counsel withdrew from representing Plaintiff. Plaintiff then filed a pro se supplemental trial brief explaining that her original fee motion contained a clerical error as to the statute it cited as a basis for fees and stated that "[t]here are two attorney fee provisions that apply in this landlord/tenant action: one is Florida Statute 83.48 and the other is the lockout statute, FS 83.67." Additionally, the memo mentioned that Plaintiff had previously moved for sanctions against Defendant under section 57.105, Florida Statutes (2016), for asserting frivolous claims after constructively evicting Plaintiff. Plaintiff's supplemental brief did not comply with the trial court's directive to brief the application of *European Bank*, and Defendant's response noted such. Shortly thereafter, Plaintiff again retained new counsel.

At the final hearing on the fee motion, the parties argued the application of *European Bank* to this case, making the same arguments discussed below. Relying on *European Bank*, the trial court ruled that Plaintiff's entitlement to fees was waived for failure to file a proper motion. In the written order, the trial court stated that "the Final Judgment did not

4

determine entitlement and the [original motion] did not provide with particularity the basis for the award sought therein. The [supplemental motion] provided multiple grounds but was filed nine months after entry of the Final Judgment." Accordingly, the original and supplemental fee motions were denied.

Plaintiff gave notice of appeal.

*Appellate Analysis*

"We review trial court orders on attorney's fees for an abuse of discretion. We have *de novo* review however of the trial court's interpretation of law." *Menz & Battista, PL v. Ramos*, 214 So. 3d 698, 699 (Fla. 4th DCA 2017) (quoting *Robin Roshkind, P.A. v. Machiela*, 45 So. 3d 480, 481 (Fla. 4th DCA 2010)).

Plaintiff's count for constructive eviction sought attorney's fees. She argues that the trial court's denial of her original motion for attorney's fees was error because it gave Defendant actual and "fair notice" of the grounds in support of her claim for fees and nothing more was required. Defendant argues Plaintiff's original motion failed to comply with Florida Rule of Civil Procedure 1.100(b) in that it failed to state with particularity the basis for the fees being sought.

When filing a motion for attorney's fees, rule 1.100(b) requires that motions "state with particularity the grounds for it, and must set forth the relief or order sought." Fla. R. Civ. P. 1.100(b). "The purpose of rule 1.100 is to put the opposing party on notice of the grounds which will be asserted against it." *Jaffrey v. Baggy Bunny, Inc.*, 733 So. 2d 1140, 1141 (Fla. 4th DCA 1999).

Section 83.67(5), Florida Statutes (2015), provides in part:

> (5) *A landlord* of any dwelling unit governed by this part *shall not remove the outside* doors, *locks*, roof, walls, or windows of the unit *except for purposes of maintenance, repair, or replacement; and the landlord shall not remove the tenant's personal property from the dwelling unit unless such action is taken after surrender, abandonment, recovery of possession of the dwelling unit due to* the death of the last remaining tenant in accordance with s. 83.59(3)(d), or *a lawful eviction.*

§ 83.67(5), Fla. Stat. (emphases added). A landlord improperly locking a tenant out of the premises is considered constructive eviction. *See*

5

*Hankins v. Smith*, 138 So. 494, 495 (Fla. 1931) ("A 'constructive eviction' is an act which, although not amounting to an actual eviction, is done with the express or implied intention, and has the effect, of essentially interfering with the tenant's beneficial enjoyment of the leased premises."); *Barton v. Mitchell Co.*, 507 So. 2d 148, 149 (Fla. 4th DCA 1987) ("A constructive eviction occurs when a tenant is essentially deprived of the beneficial enjoyment of the leased premises . . . ."). Section 83.67(6), Florida Statutes (2015), provides that "[a] landlord who violates any provision of this section shall be liable to the tenant for actual and consequential damages or 3 months' rent, whichever is greater, and costs, *including attorney's fees.*" § 83.67(6), Fla. Stat. (emphasis added).

Additionally, when moving for fees, rule 1.525 requires that "[a]ny party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after filing of the judgment . . . ." Fla. R. Civ. P. 1.525; *see also Amerus Life Ins. Co. v. Lait*, 2 So. 3d 203, 207 (Fla. 2009) ("[T]he thirty-day time requirement under rule 1.525 avoids prejudice and unfair surprise to the losing party."). Accordingly:

> When a court retains jurisdiction to address post-judgment matters such as authorized motions for attorney's fees and costs, without a specific finding of entitlement in the order, a party's motion for attorney's fees and costs that is filed more than thirty days after the trial court's order is entered is untimely.

*Fleming v. Blackwell-Gomez*, 290 So. 3d 961, 962 (Fla. 3d DCA 2019) (citing *Lait*, 2 So. 3d at 207).

Since the constructive eviction final judgment was entered in her favor, Plaintiff argues that she is entitled to fees even though she did not specifically cite the statute in her initial fee motion, because her complaint for constructive eviction under section 83.67(5) sufficed. Stated another way, pursuant to the attorney's fees provision in section 83.67(6), Plaintiff argues that Defendant was sufficiently apprised of her argued basis for fees via her complaint and she did not have to cite the fee statute in her initial fee motion.

Defendant opposes that argument, relying on two cases from this Court. First, in *Jaffrey*, we considered whether an award of attorney's fees was properly granted when the moving party filed the motion pursuant to the incorrect offer of settlement. 733 So. 2d at 1141. In that case, the defendant first offered $501 to settle a claim, which was rejected and which the trial court declared was made in bad faith. *Id.* The defendant then

6

offered $7,501 to settle, which was also rejected. *Id.* Following the rejection of the second offer, a jury trial rendered a verdict on behalf of the defendant. *Id.* The defendant then filed a motion for fees pursuant to the first offer of settlement, which was previously deemed to be in bad faith. *Id.* The fee motion was granted, but the trial court allowed the defendant, over the plaintiff's objections, to introduce the second offer of $7,501 into evidence. *Id.* On appeal, the plaintiff argued that the original fee motion was not stated with particularity. *Id.* We determined that the granting of fees on the second offer of judgment when the motion cited the first offer, which was rejected and deemed invalid as grounds, was "exactly the type of ambush which rule 1.100 seeks to prevent," and reversed the trial court's award of fees. *Id.* at 1141–42.

However, *Jaffrey* differs from this case because Plaintiff was not relying on evidence in support of fees outside of section 83.67(6) or the final judgment. Rather, Plaintiff, who admittedly made a scrivener's error in citing an administrative rule rather than a statute, argued for fees on the same basis for which Defendant conceded she was liable during the first hearing conducted on the original fee motion. Additionally, Defendant did not raise her lack of specificity objection until after Plaintiff's supplemental fee motion was filed. Thus, we conclude that Defendant was not "ambushed" as in *Jaffrey*. *See Stockman v. Downs*, 573 So. 2d 835, 838 (Fla. 1991) ("Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure *to plead* entitlement, that party waives any objection to the failure to plead a claim for attorney's fees." (emphasis added)); *Nathanson v. Morelli*, 169 So. 3d 259, 260 (Fla. 4th DCA 2015) (same).

The second case Defendant relies upon is *European Bank*. There, we considered whether the trial court erred in awarding one party's fees on a new basis raised in an amended motion, making the entitlement assertion untimely. *European Bank Ltd.*, 969 So. 2d at 451. In that case, European Bank, the plaintiff, had a credit card processing agreement with Online Credit that stated that a dispute would be governed by English law. *Id.* at 451 n.2. European Bank filed suit against Online Credit for breach of that agreement, and against Slim, a former officer of Online Credit, for claims unrelated to the agreement. *Id.* at 451. The action was dismissed and both defendants timely filed a motion for attorney's fees as the prevailing parties pursuant to the agreement, Chapter 726 Florida Fraudulent Transfer Act, and section 57.105, Florida Statutes. *Id.*

Almost a year later, the defendants filed an amended motion to recover fees under the same bases as above. *Id.* Slim, however, added an

"individual claim for attorney's fees on the ground that he served a proposal for settlement" prior to the initial motion, "which was not accepted by European Bank." *Id.* The trial court awarded Online Credit its fees pursuant to the agreement but denied the fees as to Chapter 726. *Id.* The court also awarded Slim the fees pursuant to his proposal for settlement. *Id.*

On appeal, we affirmed the trial court's award of fees as to Online Credit and Slim as to the grounds raised in the original motion. *Id.* However, we reversed the award as to Slim on the new ground, explaining: "Slim's first motion for attorney's fees, which he and Online Credit jointly served, was timely. It was served within thirty days after filing the judgment but did not state with particularity his claim for attorney's fees under his proposal for settlement." *Id.* We further explained, "[t]he amended motion was served almost a year later and was therefore untimely." *Id.*

Defendant argues that, like in *European Bank,* Plaintiff is arguing for fees on new bases, presumably referring to Plaintiff's pro se supplemental fee motion and her pro se supplemental trial brief filed before the last hearing. To the extent that those pro se filings raised grounds for fees in addition to authority under section 83.67(6), we agree with Defendant's argument. But the issue Plaintiff confronts in this appeal is the trial court's denial of fees based on waiver for failure to timely move for fees with a specific reference to section 83.67.

Turning to Plaintiff's pro se supplemental filings, *European Bank* did not preclude the trial court from awarding fees under the same basis in the amended motion as the original motion. In fact, in *European Bank*, we affirmed the trial court's award of fees pursuant to bases contained in both the original and amended motions. *European Bank*, 969 So. 2d at 451. In other words, an untimely amended motion that contains an additional basis for fees does not waive the basis raised in the original motion. *See id.* Here, the trial court believed that a fee award under section 83.67(6) had merit, but denied the award because the statute was specifically referenced for the first time in Plaintiff's supplemental motion, which the trial court considered to be untimely.

We agree with Plaintiff's argument that this case differs from *European Bank* because, unlike that case, Defendant was put on notice as to the grounds for the motion for fees. Plaintiff supports this argument by asserting that: (1) she asked for fees based on unlawful eviction in her complaint; (2) her answer to the amended counterclaim specified section 83.67 as a basis for denying the counterclaim and granting fees to Plaintiff;

and (3) the trial court cited section 83.67(6) as the basis for damages and attorney's fees in the constructive eviction final judgment.

Individually, these arguments are generally insufficient to place the opposing party on notice of the grounds in a fee motion. *See Lait*, 2 So. 3d at 207 (holding that the opposing party is considered on notice "once the trial court determines entitlement to attorneys' fees and costs" because "the concerns of prejudice and unfair surprise to the losing party are eliminated"); *Saia Motor Freight Line, Inc. v. Reid*, 930 So. 2d 598, 600 (Fla. 2006) ("It is no longer enough for parties to plead a basis for fees in their pretrial pleadings." (quoting *Gulf Landings Ass'n. v. Hershberger*, 845 So. 2d 344, 346 (Fla. 2d DCA 2003))); *Jaffrey*, 733 So. 2d at 1141–42 (explaining that rule 1.110(b) seeks to avoid ambush on an opposing party by requiring motions to be made with particularity).

However, in addition to the above three arguments, Plaintiff makes an additional, compelling argument. Significantly, at the first hearing conducted on the original fee motion, Defendant conceded that Plaintiff would be entitled to fees as liability for constructive eviction, and the final judgment clearly awarded damages for constructive eviction. Based on that concession, Defendant cannot persuasively argue she was not on notice that Plaintiff was seeking fees in her original motion as additional damages for constructive eviction. *See Lait*, 2 So. 3d at 207 ("[T]he purpose for adopting rule 1.525, avoidance of prejudice and unfair surprise, is satisfied once the trial court determines entitlement to attorneys' fees . . . ."). "Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the *failure to plead a claim* for attorney's fees." *Stockman*, 573 So. 2d at 838 (emphasis added).

On the facts of this case, we agree with Plaintiff's argument that Defendant was on actual and "fair notice" that Plaintiff was seeking fees pursuant to section 83.67(6) where: (1) Plaintiff requested fees in the complaint based on constructive eviction; (2) Plaintiff referenced the same statute in raising affirmative defenses to the counterclaim alleging breach of contract and seeking fees; (3) Plaintiff moved for fees citing the final judgment which determined Defendant was liable for constructive eviction; (4) Defendant conceded at the first hearing held on the original motion that Plaintiff would be entitled to fees for constructive eviction; and (5) Defendant never asserted the issue of lack of specificity for grounds until almost a year after the original motion was filed. To affirm the trial court's denial of attorney's fees in this case would unduly elevate form over substance.

9

Having concluded that the trial court erred in denying Plaintiff's original motion for fees as not timely stating a basis to award attorney's fees for a violation of section 83.67(6), we reverse the order denying Plaintiff's motion for attorney's fees and remand for the trial court to determine the proper amount of fees to be awarded to Plaintiff under that section.

We note that our reversal in this case is heavily premised on the facts surrounding the proceedings in this case. We further note that the Second District in *Tunison v. Bank of America, N.A.*, 144 So. 3d 588 (Fla. 2d DCA 2014) reversed a denial of fees where the appellant's motion for fees in a foreclosure action did not specifically identify the mortgage or a statutory provision as grounds for fees, but instead, asserted that appellant was the prevailing party by virtue of the bank's voluntary dismissal. *Id.* at 589. Applying its interpretation of *Stockman* and *Caufield v. Cantele*, 837 So. 2d 371 (Fla. 2002), the Second District concluded that "a party is not required to plead a ground for attorney's fees with specificity[,]" with regards to a motion. *Id.* at 591. At this point, we decline to adopt the Second District's interpretation of the specificity for grounds under rule 1.100(a) to motions, which must comply with rule 1.100(b).[1]

---

[1] We also note that no argument was raised below or on appeal that Plaintiff was entitled to attorney's fees as costs. However, in *Xanadu of Cocoa Beach, Inc. v. Lenz*, 504 So. 2d 518 (Fla. 5th DCA 1987), a case involving fees sought under section 83.48, Florida Statutes (1983), which contained statutory language regarding attorney's fees as costs, the Fifth District observed that "when, as here, attorney's fees are provided by statute as an item of costs, it is immaterial whether the underlying cause of action, as to which the court costs are appurtenant, is ex contractu or ex delicto. Court costs are not incidental to contracts but to causes of actions." *Id.* at 520. We further note that in 1983, section 83.48 provided that "the party in whose favor a judgment or decree has been rendered *may* recover reasonable court costs, including attorney's fees, from the nonprevailing party." *Id.* (emphasis added) (quoting § 83.48, Fla. Stat. (1983)). In 2013, section 83.48 was amended to make an award of attorney's fees separate from the award of costs. *See* Ch. 2013-136, § 2, at 2, Laws of Fla. ("[T]he party in whose favor a judgment or decree has been rendered *may* recover reasonable attorney fees and court costs from the nonprevailing party." (emphasis added)). Significantly, the language of section 83.67(6) provides that a landlord "*shall* be liable to the tenant for actual and consequential damages or 3 months' rent, whichever is greater, and *costs, including attorney's fees*" for a violation of section 83.67. § 83.67(6), Fla. Stat. (emphases added). We leave for another day the determination of whether entitlement to attorney's fees as costs pursuant to section 83.67(6) is discretionary and whether a separate entitlement determination is even needed.

*Reversed and remanded for further proceedings.*

W<small>ARNER</small> and F<small>ORST</small>, JJ., concur.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**