933 So.2d 1240 (2006)
Manuel CHAMIZO, III, Appellant,
v.
Samuel FORMAN, Appellee.
No. 3D05-1875.
District Court of Appeal of Florida, Third District.
July 19, 2006.
Alvarez, Eljaiek & Rodriguez, P.L., and Benjamin R. Alvarez, Miami, for appellant.
Liliana V. Avellan, Hollywood, for appellee.
Before GREEN, FLETCHER, and RAMIREZ, JJ.
GREEN, J.
Appellant/Plaintiff, Manuel Chamizo, appeals from an order awarding Appellee/Defendant, Samuel Forman, attorney's fees as the prevailing party in the suit below. We affirm.
A final summary judgment in the action below was entered in Forman's favor. The judgment also determined that Forman was entitled to attorney's fees as the prevailing party:
The Court finds that Defendant, Samuel Forman, is the prevailing party and is *1241 entitled to an award for attorney's fees and costs against Plaintiff. . . . SAMUEL FORMAN shall recover attorney's fees and costs from Plaintiff, the amount to be determined by this Court at another hearing. (emphasis added)
We per curiam affirmed the final summary judgment in its entirety in an earlier appeal. Chamizo v. Forman, 910 So.2d 272 (Fla. 3d DCA 2005).
Forty-four days after the entry of the final judgment, Forman filed his motion for attorney's fees and costs. Chamizo objected on the grounds that the motion was untimely pursuant to Florida Rule of Civil Procedure 1.525,[1] which requires motions seeking fees and costs to be served within thirty days after the filing of the judgment. The trial court awarded Forman $14,995.40 in attorney's fees and costs. Chamizo appeals.
We find no merit to Chamizo's claim that the motion for fees was untimely. The final judgment in this case had specifically awarded fees and costs to Forman. The court reserved its jurisdiction solely to allow it to determine the amount of said fees and costs. Given the fact that fees and costs had already been awarded by the final judgment and affirmed by this court, the timeliness of Forman's motion is a non-issue.[2]
Accordingly, we affirm.
NOTES
[1] This rule provides:

Any party seeking a judgment taxing costs, attorney's fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
[2] Cf. Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006)(court's reservation of jurisdiction to determine amount of fees and costs where award of same has yet to be determined, does not extend 30-day filing requirement of Rule 1.525).