967 So.2d 340 (2007)
AMERUS LIFE INSURANCE CO., Appellant,
v.
Michael H. LAIT and Michael H. Lait, P.A., Appellee.
No. 5D06-3875.
District Court of Appeal of Florida, Fifth District.
October 5, 2007.
Robin Sobo Moselle of Jacobson, Sobo & Moselle, Plantation, for Appellant.
*341 No Appearance for Appellee.
MONACO, J.
The issue presented in this appeal is whether the trial court erred in concluding that the motion of the appellant, AmerUs Life Insurance Co., was untimely under the bright line rule set forth in rule 1.525, Florida Rules of Civil Procedure. We agree with the trial court that the motion was not timely made.
The facts are uncomplicated. After a non-jury trial the trial court rendered a final judgment in favor of AmerUs Life and against the appellees, Michael H. Lait and Michael H. Lait, P.A. (collectively "Lait"), in the amount of $125,867.57. The judgment contained a recitation that Lait was "liable to the plaintiff" for prejudgment interest, court costs and attorneys' fees, "which are reserved at this time." Eight months later, AmerUs Life moved the trial court for entry of an "Amended Final Judgment" so that it could establish the award of interest, fees and costs. Along with the motion AmerUs Life filed an affidavit concerning its claimed costs and interest, as well as an affidavit regarding attorneys' fees that suggested a fee of $4,672.50. The trial court promptly entered an amended final judgment in accordance with the affidavits. A few weeks later the trial court rendered a "Second Amended Final Judgment" in which it simply corrected a few scrivener's errors that were contained in the amended judgment.
Apparently about a month thereafter AmerUs Life filed yet another motion to amend the final judgment. At the hearing on that motion Lait orally moved to vacate the previously entered amended judgments based on the failure of AmerUs Life to comply with the time requirements specified in rule 1.525. After considering the rule and the Florida Supreme Court's decision in Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006), the trial court granted Lait's motion and vacated the amended and second amended final judgments, effectively awarding no fees or costs. AmerUs Life timely appealed.
Rule 1.525, entitled "Motions for Costs and Attorneys' Fees," reads as follows:
Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
The Supreme Court in Saia related specifically that when it adopted this rule, "we established a bright-line time requirement for motions for costs and attorney fees which the Rules of Civil Procedure had not previously contained." Id. at 600. The court, agreeing with the analysis of Judge Altenbernd in Diaz v. Bowen, 832 So.2d 200 (Fla. 2d DCA 2002), held that it was no longer sufficient for parties seeking fees to plead a basis for them only in pretrial pleadings. The motion described in rule 1.525 filed within the bright-line period was also required.
Of importance to our consideration is the fact that the Supreme Court specifically noted that our sister court in the underlying Saia decision,[1] as well as another district court of appeal in an earlier decision,[2] decided that when the final judgment contains a reservation of jurisdiction on fees and costs, the time requirement of rule 1.525 does not apply. The Supreme Court, however, disagreed with that approach. Id. at 600.
While the result is harsh, we are as bound as the trial court was by Saia. We, *342 accordingly, affirm the order vacating the amended and second amended final judgments. We do so, however, without prejudice to AmerUs seeking a determination of prejudgment interest, a subject not covered by the language of rule 1.525.
Finally, we note that the Third District Court of Appeal has reached a contradictory conclusion on this issue in Chamizo v. Forman, 933 So.2d 1240 (Fla. 3d DCA 2006). We, therefore, certify conflict with Chamizo in accordance with rule 9.030(a)(2)(A)(vi), Florida Rules of Appellate Procedure.
AFFIRMED.
SAWAYA and LAWSON, JJ., concur.
NOTES
[1] Saia Motor Freight Line, Inc. v. Reid, 888 So.2d 102 (Fla. 3d DCA 2004).
[2] Fisher v. John Carter & Assocs., Inc., 864 So.2d 493 (Fla. 4th DCA 2004).