QUINCE, C.J.
This case is before the Court for review of the decision of the Fifth District Court of Appeal in AmerUs Life Insurance Co. v. Lait, 967 So.2d 340 (Fla. 5th DCA 2007). The district court certified that its decision is in direct conflict with the decision of the Third District Court of Appeal in Chamizo v. Forman, 933 So.2d 1240 (Fla. 3d DCA 2006). The conflict issue is whether Florida Rule of Civil Procedure 1.525 applies when entitlement to attorneys’ fees and costs has already been established. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the following reasons, we quash the Fifth District’s decision in Lait and hold that the thirty-day time requirement under rule 1.525 does not apply when the trial court has already determined entitlement to attorneys’ fees and costs, and only reserves jurisdiction to determine the amount.
FACTS AND PROCEDURAL HISTORY
The facts of the underlying action, as summarized in the Fifth District’s opinion are as follows:
After a non-jury trial the trial court rendered a final judgment in favor of AmerUs Life and against the appellees, Michael H. Lait and Michael H. Lait, P.A. (collectively “Lait”), in the amount of $125,867.57. The judgment contained a recitation that Lait was “liable to the plaintiff’ for prejudgment interest, court costs and attorneys’ fees, “which are reserved at this time.” Eight months later, AmerUs Life moved the trial court for entry of an “Amended Final Judg *205 ment” so that it could establish the award of interest, fees and costs. Along with the motion AmerUs Life filed an affidavit concerning its claimed costs and interest, as well as an affidavit regarding attorneys’ fees that suggested a fee of $4,672.50. The trial court promptly entered an amended final judgment in accordance with the affidavits. A few weeks later the trial court rendered a “Second Amended Final Judgment” in which it simply corrected a few scrivener’s errors that were contained in the amended judgment.
Apparently about a month thereafter AmerUs Life filed yet another motion to amend the final judgment. At the hearing on that motion Lait orally moved to vacate the previously entered amended judgments based on the failure of Ame-rUs Life to comply with the time requirements specified in rule 1.525. After considering the rule and the Florida Supreme Court’s decision in Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006), the trial court granted Lait’s motion and vacated the amended and second amended final judgments, effectively awarding no fees or costs. Ame-rUs Life timely appealed.
Lait, 967 So.2d at 341. In affirming the trial court’s order, the Fifth District relied on this Court’s decision in Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006). The district court emphasized that in Saia, this Court held that even when the final judgment contains a reservation of jurisdiction on attorneys’ fees and costs, the time requirement of rule 1.525 still applies. Lait, 967 So.2d at 341. Therefore, following the holding of Saia, the Fifth District held that AmerUs failed to timely file the motion for attorneys’ fees and costs as required under rule 1.525.
ANALYSIS
AmerUs argues that rule 1.525 does not apply when entitlement to attorneys’ fees and costs has already been determined. AmerUs also argues that the Fifth District improperly relied on this Court’s decision in Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006), because in the instant case the trial court did make a finding in the final judgment that Lait was liable to AmerUs for attorneys’ fees and costs. Because the conflict issue involves the interpretation of the Court’s rules, it is a question of law subject to de novo review. Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006) (citing Smith v. Smith, 902 So.2d 859, 861 (Fla. 1st DCA 2005)). .
Florida Rule of Civil Procedure 1.525
Florida Rule of Civil Procedure 1.525 was adopted to set bright-line time requirements for motions for attorneys’ fees and costs. See Amendments to Fla. Rules of Civil Pro., 773 So.2d 1098 (Fla.2000). Rule 1.525 provides:
Any party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
Prior to the adoption of rule 1.525, the general rule was that a party seeking attorneys’ fees and costs had to file a motion within a “reasonable time” after entry of a judgment. See Stockman v. Downs, 573 So.2d 835 (Fla.1991). As the committee notes to rule 1.525 state, the new rule “[was] intended to establish a time requirement to serve motions for costs and attorneys’ fees.” Fla. R. Civ. P. 1.525 note. This thirty-day time requirement for serving such motions was established “to accomplish two goals: first, to cure the ‘evil’ of uncertainty created by tardy motions for fees and costs; and second, to *206 eliminate the prejudice that tardy motions cause to both the opposing party and the trial court.” Barco v. School Bd. of Pinellas Cty., 975 So.2d 1116, 1123 (Fla.2008) (citation omitted) (citing Norris v. Treadwell, 907 So.2d 1217 (Fla. 1st DCA 2005)).
Prior to the adoption of rule 1.525, we held that “a reservation of jurisdiction in a final judgment is procedurally an enlargement of time under rule 1.090(b), which may allow a party to file late a motion for attorney fees.” Gulliver Academy, Inc. v. Bodek, 694 So.2d 675, 677 (Fla.1997). We further observed that “[a]ny other interpretation would make the trial court’s reservation in the final judgment not only a nullity but a procedural trap.” Id. However, following the enactment of rule 1.525, Florida’s district courts began reaching different conclusions as to whether the thirty-day time requirement provided in rule 1.525 applies when a trial court reserves jurisdiction in a judgment to consider attorneys’ fees and costs. We answered this question in Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006).
In Saia, Reid sought attorneys’ fees and costs in a wrongful death action. The trial court entered a first amended final judgment in favor of Reid and “reserved jurisdiction to award [Reid] costs and to consider [Reid’s] claim for attorneys’ fees upon a determination of entitlement thereto.” Id. at 599 (quoting trial court’s order). Reid then filed a motion to tax costs more than thirty days after the entry of the judgment. Under these circumstances, we held that the thirty-day time requirement to serve a motion for attorneys’ fees and costs provided in rule 1.525 still applies when a final judgment reserves jurisdiction to award attorneys’ fees and costs. In doing so, we acknowledged that in Gulliver Academy, the Court held that a reservation of jurisdiction in a final judgment allowed the trial court to consider attorneys’ fees and costs even if the motion was filed more than thirty days after the entry of the judgment. However, we also noted that at the time Gulliver Academy was decided, rule 1.525 did not exist; thus, there was no thirty-day time period requirement. In addition, we said that in adopting rule 1.525, “we established a bright-line time requirement for motions for costs and attorney fees which the Rules of Civil Procedure had not previously contained.” Saia, 930 So.2d at 600. As a result of the enactment of rule 1.525, the thirty-day time requirement applied even though the trial court reserved jurisdiction to determine entitlement and award attorneys’ fees and costs at a later date.
Instant Case
Because the facts of this case and the facts of Saia are distinguishable, both the trial court and the Fifth District erred in relying on Saia to conclude that AmerUs failed to timely file the motion for attorneys’ fees and costs as required by rule 1.525. In Saia, the trial court’s final judgment indicated that it was reserving jurisdiction to determine entitlement to costs and attorneys’ fees. In this case, the trial court determined in its final judgment that AmerUs was entitled to court costs and attorneys’ fees, but reserved jurisdiction to determine the amount. AmerUs, 967 So.2d at 341. In Saia, we held that the thirty-day time requirement under rule 1.525 applies when the trial court reserves jurisdiction to determine entitlement to attorneys’ fees and costs; we did not address the situation where entitlement has been determined and the only issue remaining is the amount of the fees and costs.
The facts of the instant case are identical to the facts of the certified conflict case, Chamizo v. Forman, 933 So.2d 1240 (Fla. 3d DCA 2006). In Chamizo, the trial court entered a final summary judgment in *207 favor of Forman. In the judgment, the trial court determined that Forman was entitled to attorneys’ fees as the prevailing party and stated that the amount would be determined by the court at another hearing. Forty-four days after the entry of the final judgment, Forman filed his motion for attorneys’ fees and costs. Chamizo argued that the motion was untimely pursuant to rule 1.525. Id. at 1242. The trial court rejected Chamizo’s argument and awarded attorneys’ fees and costs to For-man. On appeal, the Third District affirmed the judgment and found no merit to Chamizo’s argument that the motion for fees and costs was untimely. Id. The district court reasoned that “[gjiven the fact that fees and costs had already been awarded by the final judgment and affirmed by this court, the timeliness of Foreman’s motion is a non-issue.” Id. In doing so, the district court distinguished the facts from those of Saia, noting that entitlement to fees and costs had yet to be determined in Saia. Id. at 1241 n. 2.
In the report of the Florida Bar Civil Procedure Rules Committee, the committee unanimously agreed that the purpose behind adopting rule 1.525 was “predictability and clarification.” Thus, the thirty-day time requirement under rule 1.525 avoids prejudice and unfair surprise to the losing party. Once the trial court determines that the prevailing party is entitled to attorneys’ fees and costs, the losing party is aware that it is required to pay the fees and costs. At that point, the concerns of prejudice and unfair surprise to the losing party are eliminated, thus eliminating the need to apply the thirty-day time requirement under rule 1.525. As the Fifth District indicated in dicta in Hart v. City of Groveland, 919 So.2d 665, 669 (Fla. 5th DCA 2006), “[i]f a party already has a judgment granting attorney’s fees and costs, it would appear superfluous to require such a party to file a motion seeking to tax them again. The court has, in essence, already ruled to tax them and all that remains is a determination of the reasonable amount.”
Because the purpose for adopting rule 1.525, avoidance of prejudice and unfair surprise, is satisfied once the trial court determines entitlement to attorneys’ fees and costs, the thirty-day time requirement for filing motions for attorneys’ fees and costs under rule 1.525 is no longer necessary. The parties are on notice with the trial court’s ruling on entitlement that the amount of the award will be determined at a later date. Accordingly, we find, as did the Third District in Chamizo, that where entitlement to attorneys’ fees and costs has already been determined by the trial court in its final judgment, rule 1.525, requiring the filing of a motion for fees and costs within thirty days of the final judgment, does not apply. AmerUs was therefore not required to file its motion to determine the amount of attorneys’ fees and costs within the time period set by rule 1.525.[1]
CONCLUSION
For the reasons set forth above, we hold that Florida Rule of Civil Procedure 1.525 does not apply when the trial court has determined entitlement to attorneys’ fees and costs in its final judgment, but reserves jurisdiction only to determine the amount in attorneys’ fees and costs that is *208 owed. Accordingly, we quash the Fifth District’s decision in AmerUs Life Insurance Co. v. Lait, 967 So.2d 340 (Fla. 5th DCA 2007), and remand for further proceedings consistent with this opinion.
It is so ordered.
PARIENTE, J., and ANSTEAD, Senior Justice, concur.
LEWIS, J., concurs in result only with an opinion.
WELLS, J., dissents with an opinion, in which CANADY, J., concurs.
POLSTON, J., did not participate.

. AmerUs also argues that Lait waived his right to object to the award of attorneys' fees and costs because he waited almost ten months after the award of fees and costs and almost two months after the entry of the Amended Final Judgment to make an ore tenus motion to vacate the judgments entered. Because we find that rule 1.525 did not apply to AmerUs's motion for attorneys' fees and costs, we do not address this issue.