SALTER, J.
 

 Ramie International Corporation appeals a circuit court order denying its motion for attorney’s fees as being untimely filed pursuant to Florida Rule of Civil Procedure 1.525.
 

 On June 13, 2007, a final summary judgment was rendered in favor of Ramie against The Greens Condominium Association. As part of the judgment, the circuit court awarded Ramie attorney’s fees and costs and reserved jurisdiction to determine the amounts of those fees and costs. Eleven months later, on May 2, 2008, Ramie filed its motion to determine attorney’s fees and costs. The Association filed an opposing memorandum alleging that Ramie failed to file its motion within the thirty-day time limit set forth in Florida Rule of Civil Procedure 1.525. The trial court denied Ramie’s motion as untimely, and Ramie appealed. We reverse and remand for a determination of Ramie’s attorney’s fees and costs.
 

 The Florida Supreme Court has recently held that “Florida Rule of Civil Procedure 1.525 does not apply when the trial court has determined entitlement to attorneys’ fees and costs in its final judgment, but reserves jurisdiction only to determine the amount in attorneys’ fees and costs that is owed.”
 
 Amerus Life Ins. Co. v. Lait,
 
 2 So.3d 203, 207 (Fla.2009);
 
 see also Chamizo v. Forman,
 
 933 So.2d 1240, 1241 (Fla. 3d DCA 2006). In addressing the purposes behind Rule 1.525’s adoption, our Supreme Court stated:
 

 
 *648
 
 Once the trial court determines that the prevailing party is entitled to attorneys’ fees and costs, the losing party is aware that it is required to pay the fees and costs. At that point the concerns of prejudice and unfair surprise to the losing party are eliminated, thus eliminating the need to apply the thirty-day time requirement under rule 1.525.
 

 Amerus,
 
 2 So.3d at 207.
 

 In the instant ease, as in
 
 Amerus,
 
 the prevailing party’s entitlement to attorneys’ fees had already been determined, and the trial court merely reserved jurisdiction to determine the amounts. Although the eleven-month delay in this case exceeds the eight-month delay in
 
 Amerus,
 
 we do not believe that distinction makes a difference in the analysis or outcome.
 

 Reversed and remanded.