RAMIREZ, J.
 

 Stuart R. Kalb as Trustee appeals the trial court’s award of attorney’s fees to appellee Nack Holding, LLC. Because Nack Holding did not timely request trial level attorney’s fees, we reverse that part of the trial court’s order that awarded such fees. We affirm the trial court’s order in all other respects.
 

 The full facts of this case are addressed in our prior opinion,
 
 Nack Holdings, LLC v. Kalb,
 
 13 So.3d 92 (Fla. 3d DCA 2009), and thus we discuss only the facts relevant to the attorney’s fees. Nack Holding prevailed in its claim that Kalb violated Section 701.04, Florida Statutes (2010), which requires timely recording of satisfactions of judgment. That statute includes a provision which entitles the prevailing party to seek reasonable attorney’s fees. Although this Court and the Florida Supreme Court
 
 [1]
 
 determined Nack Holding was entitled to appellate attorney’s fees, neither court opined on trial level attorney’s fees. On remand, on October 20, 2009, the trial court signed an agreed judgment which granted relief on the merits, and “reserve[d] jurisdiction to enter such additional orders.” On March 12, 2010, Nack Holding moved in the trial court for an award of both trial and appellate attorney’s fees. The trial court granted the motion, and Kalb appeals.
 

 Under Florida law, “statutes awarding attorney’s fees must be strictly construed.”
 
 Gershuny v. Martin McFall Messenger Anesthesia Prof'l Ass’n,
 
 539 So.2d 1131, 1132 (Fla.1989);
 
 see also Atl. Nat’l Bank of Fla. v. Tworoger,
 
 448 So.2d 616, 617 (Fla. 3d DCA 1984) (stating “Section 701.04 is a statute in derogation of the common law and must be strictly construed”). Section 701.04 does not specify the mechanism by which the attorney’s fees are requested and awarded, but, under Florida Rule of Civil Procedure 1.525, “[a]ny party seeking a judgment taxing ... attorneys’ fees ... shall serve a motion no later than 30 days after filing of the judgment ... which ... concludes the action as to that party.” Thus, a motion for attorney’s fees must be filed within thirty days of entry of final judgment to permit a trial court to award such fees.
 
 Saia Motor Freight Line, Inc., v. Reid,
 
 930 So.2d 598, 600 (Fla.2006);
 
 Amerus Life Ins. Co. v. Lait,
 
 2 So.3d 203, 207-08 (Fla.2009). The only recognized exception to this requirement is when the trial court has already, in the judgment, determined entitlement to attorney’s fees as part of the relief granted to the prevailing party.
 
 See Lait,
 
 2 So.3d at 207;
 
 Ramle Int’l Corp. v. Greens Condo. Ass’n.,
 
 32 So.3d 647, 648 (Fla. 3d DCA 2010).
 

 In this case, Nack Holding is not entitled to trial level attorney’s fees because it did not comply with the applicable requirements. The trial court’s judgment was issued on October 20, 2009, while Nack Holding’s motion for fees in this case was filed March 12, 2010. The thirty-day bright line had already expired when Nack Holding filed its motion. Further, Nack Holding incorrectly contends no motion was necessary after the judgment because it served a demand for attorney’s fees in July 2007, and the trial court reserved jurisdiction to enter additional orders. The trial court’s reservation of jurisdiction “to enter such additional orders,” does not
 
 *177
 
 suffice because it does not determine Nack Holding is entitled to attorney’s fees.
 
 See Lait,
 
 2 So.3d at 207.
 

 In contrast, Nack Holding is entitled to its appellate attorney’s fees and costs. Both appellate courts ruled upon Nack Holding’s request for attorney’s fees and costs, and thus included Nack Holding’s entitlement to such fees in their final adjudications. As a result, we affirm the award of appellate attorney’s fees. Lastly, we determine that there was competent substantial evidence to support the trial court’s determination regarding appellate attorney’s fees, and thus reject Kalb’s challenge to the amount of appellate fees awarded.
 
 See Lawrence v. Vilac, Inc.,
 
 932 So.2d 1151, 1152 (Fla. 3d DCA 2006).
 

 Reversed in part; affirmed in part.
 

 [1]
 

 .
 
 Kalb
 
 v.
 
 Nack Holdings, LLC,
 
 25 So.3d 1222 (Fla.2009).