DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**MARGARET M. FINNEGAN,**
as Executor of the Estate of **ELLEN DONLON,**
Appellant,

v.

**NOREEN COMPTON,** as Personal Representative
of the Estate of **FREDRICK LaCHANCE,**
Appellee.

No. 4D13-4213

[November 19, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Martin H. Colin, Judge; L.T. Case No. 502009CP003949XXXXSB.

Amy J. Fanzlaw of Osborne & Osborne, P.A., Boca Raton, for appellant.

No brief filed for appellee.

GROSS, J.

We affirm the order denying appellant's motion for attorney's fees because appellant failed to comply with Florida Rule of Civil Procedure 1.525 after the entry of a final judgment that did not determine entitlement to attorney's fees.

On November 4, 2010, the circuit court entered an agreed order approving a settlement agreement between the parties to a will contest. The agreement obligated appellee to pay $40,000 by December 31, 2010; failure to pay entitled appellant to obtain a final judgment as well as a lien on appellee's condominium. The settlement agreement contained an attorney's fee provision "[i]f any legal action" was "brought for the enforcement" of the agreement. The November 4 order reserved jurisdiction to enforce the terms of the settlement agreement.

Appellee failed to make payment by December 31 and appellant obtained a final judgment under the settlement agreement on January 5,

2011.  The final judgment retained jurisdiction "in order to enter further orders as are proper" but did not specifically mention attorney's fees.

Appellee made the $40,000 payment on August 13, 2012.  On September 7, 2012, appellant filed a motion seeking $67,466.16 in attorney's fees under the settlement agreement.  The trial court denied the motion for fees.

We affirm the trial court's denial of fees because there was neither a timely motion for attorney's fees under Florida Rule of Civil Procedure 1.525 nor did the January 5, 2011 final judgment determine entitlement to attorney's fees.

Appellant relies on *Paulucci v. General Dynamics Corp.,* 842 So. 2d 797, 803 (Fla. 2003), to argue that when "a court incorporates a settlement agreement into a final judgment . . . and retains jurisdiction to enforce its terms, the court has the jurisdiction to enforce the terms of the settlement agreement."  However, the question here is not one of jurisdiction, but of procedure—whether appellant complied with Rule 1.525 in seeking fees.

Rule 1.525 provides that "[a]ny party seeking a judgment taxing costs, attorneys' fees, or both *shall* serve a motion *no later than 30 days after filing of the judgment . . .* which judgment . . . concludes the action as to that party." (Emphasis added).  "Prior to the adoption of rule 1.525, the general rule was that a party seeking attorneys' fees and costs had to file a motion within a 'reasonable time' after entry of a judgment." *Amerus Life Ins. Co. v. Lait*, 2 So. 3d 203, 205 (Fla. 2009).  By adopting Rule 1.525, the Florida Supreme Court sought to "establish[] a bright-line time requirement for motions for costs and attorney fees which the Rules of Civil Procedure had not previously contained." *Saia Motor Freight Line, Inc. v. Reid*, 930 So. 2d 598, 600 (Fla. 2006) (footnote omitted); *Borroto v. Garcia*, 103 So. 3d 186, 188 (Fla. 3d DCA 2012).  The Rule's purpose was "to accomplish two goals: first, to cure the 'evil' of uncertainty created by tardy motions for fees and costs; and second, to eliminate the prejudice that tardy motions cause to both the opposing party and the trial court." *Barco v. Sch. Bd. of Pinellas Cnty.*, 975 So. 2d 1116, 1123 (Fla. 2008) (citing *Norris v. Treadwell*, 907 So.2d 1217, 1218 (Fla. 1st DCA 2005)).

To date, courts have recognized two scenarios satisfying Rule 1.525's constructs.  The first, obviously, is where the party seeking attorney's fees complies with the rule by filing its motion within thirty days of the filing of the judgment.  The second is "when the trial court has already, in the judgment, determined entitlement to attorney's fees as part of the relief granted to the prevailing party." *Kalb v. Nack Holding, LLC*, 79 So. 3d 175, 176 (Fla. 3d DCA 2012); *Ramle Int'l Corp. v. Greens Condo. Ass'n*, 32 So.

3d 647, 647-48 (Fla. 3d DCA 2010). The justification for the second scenario is that "[i]f a party already has a judgment granting attorney's fees and costs, it would appear superfluous to require such a party to file a motion seeking to tax them again. The court has, in essence, already ruled to tax them and all that remains is a determination of the reasonable amount." *Hart v. City of Groveland*, 919 So. 2d 665, 669 (Fla. 5th DCA 2006); *Amerus*, 2 So. 3d at 207.

The appellant in this case essentially requests this court to create an exception to Rule 1.525 where an order approving a settlement agreement generally reserves jurisdiction to enforce the agreement's provisions and one of the provisions pertains to attorney's fees. However, doing so would gut Rule 1.525 by allowing a party—as was done in this case—to wait months, if not years, before claiming entitlement to attorney's fees. Since many final judgments reserve jurisdiction to enforce their terms, to create an exception to rule 1.525 in this case would be to nullify the rule's application in many cases.

*Affirmed.*

DAMOORGIAN, C.J. and STEVENSON, J., concur.

*              *              *

**_Not final until disposition of timely filed motion for rehearing._**