DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YVETTE LOUISE FOURNIER,**
Appellant,

v.

**PAUL CALVO,**
Appellee.

Nos. 4D13-2611, 4D13-3900, 4D13-3902, and 4D13-3903

[July 25, 2018]

Consolidated appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lucy Chernow Brown, Judge; L.T. Case No. 502011CA008243XXXXMB.

Yvette Louise Fournier, Old Saybrook, Connecticut, pro se.

T. Robert Shahady of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Fort Lauderdale, for appellee.

DAMOORGIAN, J.

In this consolidated appeal, Yvette Fournier challenges: 1) an amended final judgment entered against her (Case 13-2611); 2) a non-final order denying a motion for relief from the challenged judgment (Case 13-3902); 3) a post-trial order compelling the production of post-judgment financial information (Case 13-3903); and 4) a final judgment for attorney's fees and costs (Case 13-3900).[1]  We affirm the final judgment, the order denying Appellant relief from the judgment, and the order compelling post-judgment financial information without further comment.  We reverse the final judgment awarding Appellee's counsel attorney's fees and costs to the limited extent that the judgment is in favor of Appellee's counsel, and not Appellee.

---

[1] Fournier's husband, Pieter Van Der Vliet, is also an appellant in each case. However, the husband's appeal has been stayed due to his pending bankruptcy case.  The United States Bankruptcy Court granted Appellee relief from the bankruptcy stay as to Fournier.  Accordingly, we only consider the issues on appeal raised by Fournier.

This appeal stems from a lawsuit Appellee filed against Fournier and her husband. The claim against Fournier was for unjust enrichment. After a bench trial, the trial court entered judgment against Fournier based on the court's finding that she received and retained funds from Appellee which were earmarked for repairs to real property owned by Appellee. The court found that Appellee was entitled to damages because Fournier and her husband never made the repairs and failed to return the money to Appellee.

After trial, Appellee moved for fees on the grounds that Fournier rejected Appellee's valid proposal for settlement. Following a hearing, the court determined that Appellee was entitled to fees based on the proposal. The amount was determined at a later hearing.

Fournier argues that the fee judgment must be vacated entirely due to several procedural errors. We address two of those arguments. First, Fournier asserts that Appellee was not entitled to fees against her because he did not plead entitlement to fees in his complaint and failed to timely serve his motion for fees within thirty days of the rendition of final judgment as provided by Florida Rule of Civil Procedure 1.525. Both of these assertions lack merit.

Generally speaking, "a claim for attorney's fees, whether based on statute or contract, must be pled" or entitlement is waived. *Stockman v. Downs*, 573 So. 2d 835, 837 (Fla. 1991). The exception to this rule is when the party otherwise has notice that their opponent claims entitlement to attorney's fees. *Id.* at 838. Here, Appellee's claim of entitlement to fees was based on a rejected offer of judgment served pursuant to section 768.79 of the Florida Statutes. Section 768.79 provides the proper mechanisms for establishing notice of intent to seek attorney's fees in the event an offer of judgment is rejected. § 768.79, Fla. Stat. (2013). Appellee complied with these requirements by serving his proposal on Fournier and filing a notice of service in the record.

As to the timeliness argument, both section 768.79(6) and Florida Rule of Civil Procedure 1.525 provide that a party seeking fees must file a motion within thirty days after the entry of judgment. The Supreme Court of Florida stated in *Saia Motor Freight Line, Inc. v. Reid*, 930 So. 2d 598, 600 (Fla. 2006) that the thirty-day deadline for filing fee motions is a bright-line rule and applies once a final judgment is first entered regardless of whether it is modified on rehearing. However, the court later clarified that "where entitlement to attorneys' fees and costs has already been determined by the trial court in its final judgment, rule 1.525, requiring the filing of a motion for fees and costs within thirty days of the

final judgment, <u>does not</u> apply." *Amerus Life Ins. Co. v. Lait*, 2 So. 3d 203, 207 (Fla. 2009) (emphasis added).

In this case, the original final judgment was entered on February 26, 2013. In that version of the final judgment, the court ruled that Appellee was entitled to fees and costs from Fournier pursuant to a written agreement between Appellee and Fournier's husband. Accordingly, the time restraints of Rule 1.525 <u>did not apply</u> to this judgment. *Amerus Life*, 2 So. 3d at 207. Thereafter, pursuant to Fournier's motion, the court entered an Amended Final Judgment on March 13, 2013. In the Amended Final Judgment, the court "reserved jurisdiction to enter further orders that are proper for entitlement to attorney's fees against [Fournier]." By reserving on the issue of entitlement to fees, this version of the judgment triggered the time implications of Rule 1.525. Appellee then properly filed his motion for entitlement to fees and costs against Fournier on April 9, 2014, within the thirty-day window.

Next, Fournier argues that the fee judgment is void because it was entered in favor of Appellee's attorney, who was not a party to the proceedings. The fee judgment against Fournier was entered pursuant to Florida's offer of judgment statute, section 768.79, which provides, in pertinent part:

> If a plaintiff serves an offer which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, <u>the plaintiff</u> shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served.

§ 768.79(6)(a), Fla. Stat. (2013) (emphasis added).

Appellee was the plaintiff in the case, not his attorney. Therefore, a plain reading of the statute compels us to conclude that Appellee's attorney cannot personally be awarded fees under section 768.79(6)(a). *See Neustein v. Miami Shores Vill., Inc.*, 837 So. 2d 1054, 1055 (Fla. 3d DCA 2002) (holding that fee judgment could not personally be imposed against an attorney who was not named as a party based on a fee statute allowing for recovery of fees against another party); *see also Soliman v. Ebasco Servs. Inc.*, 822 F.2d 320, 323 (2d Cir. 1987) (holding that "independent of his client, an attorney has no personal right to an award of statutory attorney's fees" pursuant to a civil rights statute which allowed for prevailing party fees).

Based on the foregoing, we affirm the final judgments and orders on appeal, but remand for the trial court to amend the fee judgment so that the judgment is in favor of the Appellee and not his legal counsel.

*Affirmed in part, reversed in part and remanded.*

LEVINE and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***