# Third District Court of Appeal

## State of Florida

Opinion filed April 19, 2023.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D22-721
Lower Tribunal No. 21-9136

————————

## 3003 Indian Creek RR, LLC,
Appellant,

vs.

## Alfredo Arias, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

David J. Winker, P.A., and David J. Winker, for appellant.

Twig, Trade, & Tribunal, PLLC, and Morgan L. Weinstein (Fort Lauderdale), for appellees.

Before EMAS, HENDON and GORDO, JJ.

PER CURIAM.

Affirmed.  See Kalb v. Nack Holding, LLC, 79 So. 3d 175, 176 (Fla. 3d DCA 2012) ("[A] motion for attorney's fees must be filed within thirty days of entry of final judgment to permit a trial court to award such fees.  The only recognized exception to this requirement is when the trial court has already, **in the judgment,** determined entitlement to attorney's fees as part of the relief granted to the prevailing party.") (emphasis in original); Amerus Life Ins. Co. v. Lait, 2 So. 3d 203, 207 (Fla. 2009) ("Once the trial court determines that the prevailing party is entitled to attorneys' fees and costs, the losing party is aware that it is required to pay the fees and costs. At that point, the concerns of prejudice and unfair surprise to the losing party are eliminated, thus eliminating the need to apply the thirty-day time requirement under [Florida Rule of Civil Procedure] 1.525."); Ramle Int'l Corp. v. Greens Condo. Ass'n, Inc., 32 So. 3d 647, 648 (Fla. 3d DCA 2010) (holding "the prevailing party's entitlement to attorneys' fees had already been determined, and the trial court merely reserved jurisdiction to determine the amounts"); Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory.").