DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

———————————————————

LYONS HERITAGE OF TAMPA, LLC,
a Florida limited liability company,

Appellant,

v.

OLUROTIMI PHILLIPS and JACQUELINE PHILLIPS,

Appellees.

No. 2D2023-1313
———————————————————

April 17, 2024

Appeal from the Circuit Court for Hillsborough County; Anne-Leigh Gaylord Moe, Judge.

Timothy Brown and Adam Bild of Bild Law, Lutz, for Appellant.

George Harder and James C. Patterson of Harder Law Group, Tampa, for Appellees.


SILBERMAN, Judge.

Lyons Heritage of Tampa, LLC, appeals a final order entered in May 2023 awarding Olurotimi and Jacqueline Phillips attorneys' fees and costs. This litigation arose from the construction of a home for the Phillipses and an arbitration award in their favor. Lyons Heritage unsuccessfully petitioned the circuit court for modification and/or vacatur of the arbitration award. In September 2020 the circuit court

entered a final judgment in favor of the Phillipses that made no mention of attorneys' fees or costs. Over one year later, the Phillipses filed a motion requesting an award of fees and costs against Lyons Heritage based on the final judgment. A successor judge entered the final order of May 2023 awarding attorneys' fees and costs to the Phillipses. We agree with Lyons Heritage that the successor judge erred in awarding the Phillipses their attorneys' fees and costs and reverse.

## I.  PROCEDURAL HISTORY

When a dispute arose between the parties pertaining to the construction of the Phillipses' home, the Phillipses initiated arbitration proceedings against Lyons Heritage in accordance with the parties' contract. After a hearing, the arbitrator entered an arbitration award requiring the Phillipses to pay $25,000 to Lyons Heritage and requiring Lyons Heritage to turn over possession of the home it constructed for the Phillipses "free and clear of all liens and claims of its own" or of its subcontractors or material suppliers.

Lyons Heritage then filed a two-count petition in the circuit court seeking modification and/or vacatur of the arbitration award. The Phillipses filed their answer, affirmative defenses, and an amended counterclaim that sought confirmation of the arbitration award under section 682.12, Florida Statutes (2020). In the concluding paragraph of their pleading, the Phillipses also requested attorneys' fees and costs. The Phillipses later filed a motion for summary judgment, which again requested fees and costs.

The circuit court conducted a hearing on the motion for summary judgment, but at the hearing, no mention was made of the request for fees and costs. The circuit court then entered the September 2020 final judgment in favor of the Phillipses, confirming the arbitrator's award.

The judgment did not mention attorneys' fees or costs and did not reserve jurisdiction for any purpose. Although Lyons Heritage appealed the final judgment to this court, the appeal was voluntarily dismissed in May 2021.

In March 2022, the Phillipses filed in the circuit court a motion to clarify the September 2020 final judgment and to confirm their entitlement to fees and costs as the prevailing party pursuant to section 682.15. Lyons Heritage filed a response in opposition to this motion. By this point, the original judge who had entered the final judgment was no longer presiding over the case. After a hearing, the successor judge granted the Phillipses' motion and stated in her written clarifying order:

> 3. On September 8, 2020, Judge Holder granted all relief requested/contained in the Defendants' Motion for Summary Judgment filed by Defendants on June 29, 2020, in its entirety without exception against the Plaintiff which included Defendants' attorneys' fees and costs.
>
> 4. The Notice required by Rule 1.525, Florida Rules of Civil Procedure, does not apply to this matter as entitlement of the Defendants to attorneys' fees and costs was granted by Judge Holder by his Order entered September 8, 2020. No notice to seek attorneys' fees or costs is required of Defendants subsequent to said Order.
>
> 5. Defendants are entitled to their attorneys' fees and costs against Plaintiff as the prevailing Party herein pursuant to Section 682.15, Fla. Stat.

The Phillipses next filed a motion and an amended motion for an award of fees and costs. Following another evidentiary hearing, the successor judge entered the May 2023 final order awarding attorneys' fees and costs to the Phillipses in the amount of $14,531.55. Lyons Heritage now appeals that final fee order. It argues that because the Phillipses did not timely seek an award of fees and costs after the 2020 final judgment was entered, the successor judge erred in entering the

3

clarifying order and the final order awarding fees and costs. The Phillipses ask this court to affirm the final order, asserting that the successor judge correctly found that the September 2020 final judgment granted their motion for summary judgment, which included a request for attorneys' fees and costs, and therefore, no additional notice or motion seeking fees and costs was required.

We conclude that the Phillipses were required to comply with the time requirements of Florida Rule of Civil Procedure 1.525. We also note that the final judgment could not be amended or corrected pursuant to Florida Rules of Civil Procedure 1.530 or 1.540 to reflect a finding that the Phillipses were entitled to an award of fees and costs because the Phillipses' motion to clarify was untimely. We therefore reverse the clarification order and the final order awarding attorneys' fees and costs.

## II. DISCUSSION

Rule 1.525 provides:

> Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal, which judgment or notice concludes the action as to that party.

Rule 1.525 "requires only that the motion be served no later than thirty days following the filing of the judgment." *Barco v. Sch. Bd. of Pinellas Cnty.*, 975 So. 2d 1116, 1124 (Fla. 2008). "The rule sets forth an outside deadline of thirty days for service of the motion." *Hovercraft of S. Fla., LLC v. Reynolds*, 211 So. 3d 1073, 1076 (Fla. 5th DCA 2017) (citing *Barco*, 975 So. 2d at 1124).

The Phillipses argue that this case falls within an exception to the thirty-day requirement, citing *AmerUs Life Insurance v. Lait*, 2 So. 3d 203 (Fla. 2009). In *AmerUs*, the final judgment determined that AmerUs was

4

entitled to attorneys' fees and costs, but it reserved jurisdiction to determine the amounts. *Id.* at 206. The Florida Supreme Court held that when a "trial court has determined entitlement to attorneys' fees and costs in its final judgment, but reserves jurisdiction only to determine the amount in attorneys' fees and costs that is owed," rule 1.525 does not apply. *Id.* at 207-08. The supreme court noted that the purpose of rule 1.525 is to avoid prejudice and unfair surprise; therefore, "once the trial court determines entitlement to attorneys' fees and costs, the thirty-day time requirement for filing motions for attorneys' fees and costs under rule 1.525 is no longer necessary." *Id.* at 207. *See also Chamizo v. Forman*, 933 So. 2d 1240, 1241 (Fla. 3d DCA 2006) (affirming an award of fees and costs and determining that the timeliness of the motion for fees and costs was a nonissue when the judgment "had specifically awarded fees and costs to Forman" and the trial "court reserved its jurisdiction solely to allow it to determine the amount of said fees and costs").

Under the circumstances, we cannot agree that the exception applies.

> When a court retains jurisdiction to address post-judgment matters such as authorized motions for attorney's fees and costs, *without a specific finding of entitlement* in the order, a party's motion for attorney's fees and costs that is filed more than thirty days after the trial court's order is entered is untimely.

*Fleming v. Blackwell-Gomez*, 290 So. 3d 961, 962 (Fla. 3d DCA 2019) (emphasis added) (citing *AmerUs*, 2 So. 3d at 207). *See also Hovercraft*, 211 So. 3d at 1076 (concluding that a final judgment reserving jurisdiction to determine entitlement to fees was not enough to avoid rule 1.525's thirty-day requirement). Here, the September 2020 final

judgment made no finding that the Phillipses were entitled to an award of attorneys' fees and costs, and it did not reserve jurisdiction to address the matter. Indeed, the final judgment made no mention of attorneys' fees and costs. The Phillipses argue, and the circuit court found, that such language was unnecessary. The Phillipses maintain that the final judgment granted all relief requested in their motion for summary judgment, which included their request for fees and costs, and therefore, the final judgment necessarily found that they were entitled to their fees and costs. We conclude that the final judgment does not reflect such a broad finding.

The final judgment specifically found:

1. Defendants' Motion for Summary Judgment is hereby GRANTED;

2. A Final Judgment is granted in favor of Defendants and against Plaintiff as to Count I, "Modification of Arbitration Reasoned Award"; and Count II, "Vacatur of Arbitration Reasons Award" of Plaintiff's Petition herein; and

3. The Award of the Arbitrator in the prior AAA Arbitration between the Parties is hereby confirmed.

Although the judgment specifically ruled on counts one and two of Lyons Heritage's petition and the award of the arbitrator, it made no other specific findings. The fact that fees and costs were not mentioned at the summary judgment hearing further supports the conclusion that the final judgment did not award entitlement to fees and costs.

We decline to extend the reach of the *AmerUs* exception to rule 1.525 when the final judgment fails to specifically determine entitlement to attorneys' fees and costs. Therefore, the successor judge erred in clarifying the final judgment and in awarding fees and costs to the Phillipses.

6

Lyons Heritage also argues, and we agree, that the final judgment could not be amended or altered to reflect an award of fees and costs pursuant to rule 1.530, 1.540(a), or 1.540(b), because the Phillipses' motion to clarify was untimely. Under rule 1.530(g), "[a] motion to alter or amend the judgment shall be served not later than 15 days after the date of filing of the judgment, except that this rule does not affect the remedies in rule 1.540(b)." The Phillipses filed their motion eighteen months after the judgment was filed, and they were not entitled to an amended or altered judgment under rule 1.530(g) unless rule 1.540(b) applies.

With respect to rule 1.540(b), the Phillipses argued to the successor judge that the final judgment was the product of the original judge's mistake or inadvertence in not awarding entitlement to attorneys' fees and costs. *See* Fla. R. Civ. P. 1.540(b)(1) (allowing relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect"). But rule 1.540(b) provides that a motion for relief from judgment pursuant to rule 1.540(b)(1) shall be filed "not more than 1 year after the judgment, decree, order, or proceeding was entered or taken." Further, a pending "appeal does not extend the one-year limit for filing a Rule 1.540(b) motion." *Molinos Del S.A. v. E.I. DuPont de Nemours & Co.*, 947 So. 2d 521, 524 (Fla. 4th DCA 2006); *see also Weiss v. Berkett*, 907 So. 2d 1181, 1183 (Fla. 3d DCA 2005) ("The mere fact that an appeal was taken from the judgment did not toll this one-year time frame.").

"Florida law treats rule 1.540(b) as a 'jurisdictional boundary.' " *Castro v. Sun 'N Lake of Sebring Improvement Dist.*, 334 So. 3d 663, 666 (Fla. 2d DCA 2021) (quoting *Romero v. Wells Fargo Bank, N.A.*, 209 So. 3d 633, 635 (Fla. 2d DCA 2017)). Once a final judgment is "beyond the reach of rule 1.540(b)," that judgment "pass[es] into the unassailable

7

realm of finality." *Romero*, 209 So. 3d at 635 (alteration in original) (quoting *Bank One, Nat'l Ass'n v. Batronie*, 884 So. 2d 346, 349 (Fla. 2d DCA 2004)).

The Phillipses' motion was similarly untimely if it was considered as a motion for rehearing under rule 1.530(a), because such motion must be filed within fifteen days of the filing of the judgment. Fla. R. Civ. P. 1.530(b).

Finally, we note that rule 1.540(a) allows for the correction of clerical mistakes "by the court at any time on its own initiative or on the motion of any party." However, an example of a clerical mistake is when the judgment contains a typographical error. *See Purdue v. R.J. Reynolds Tobacco Co.*, 259 So. 3d 918, 921 (Fla. 2d DCA 2018) (stating that rule 1.540(a) "is essentially designed to correct typographical errors and the like rather than to address due process violations or substantive errors in a judgment"). The rule contemplates errors "in form, not substance." *Id.* Rule 1.540's reference to "clerical mistakes" is only to those "errors or mistakes arising from accidental slip or omission, and not errors or mistakes in the [s]ubstance of what is decided by the judgment or order." *Id.* (alteration in original) (quoting *Byers v. Callahan*, 848 So. 2d 1180, 1184 (Fla. 2d DCA 2003)). The failure to specifically determine entitlement to fees and costs was not a clerical mistake, and relief was not available under rule 1.540(a). Thus the Phillipses' motion to clarify filed eighteen months after the final judgment was entered was untimely, and the successor judge did not have jurisdiction to grant relief.

### III.  CONCLUSION

Because the Phillipses' motions to clarify and for fees and costs were untimely, the circuit court erred in awarding the Phillipses their

attorneys' fees and costs.  Accordingly, we reverse the order on the Phillipses' motion to clarify and the May 2023 final order that awards attorneys' fees and costs to the Phillipses.

Reversed.

BLACK and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.