DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

BRADLEY BERG; TINA BERG; BTJJ HOLDINGS, LLC; and
BTJJ CONSERVATION CORP. n/k/a RBC CONSERVATION
CORP.,

Appellants,

v.

MICHAEL SCURRY,

Appellee.

No. 2D2024-0845

_____

May 7, 2025

Appeal from the Circuit Court for Pinellas County; Cynthia J. Newton,
Judge.

Gregory T. Elliott of Elliott - Berger, P.A., Seminole, for Appellants.

Brandon S. Vesely of The Florida Appellate Firm, P.A., St. Petersburg,
and Charles W. Gerdes of Keane Reese Gerdes, P.A., St. Petersburg, for
Appellee.


LABRIT, Judge.

In *AmerUs Life Insurance Co. v. Lait*, 2 So. 3d 203 (Fla. 2009), our
supreme court recognized an exception to the bright-line filing
requirements of Florida Rule of Civil Procedure 1.525. It held that these
requirements do not apply where a trial court "determine[s] entitlement
to attorneys' fees and costs in its final judgment, but reserves
jurisdiction only to determine the amount in attorneys' fees and costs
that is owed." *Id.* at 207–08. The trial court applied this exception here

and awarded attorneys' fees and costs without a timely motion. We decline to extend the *AmerUs* exception to this case, and we reverse the final judgment of attorneys' fees and costs.

## I.

In 2019, Michael Scurry and four other property owners within the Sea Pines subdivision in Pinellas County filed a complaint for declaratory relief against Tina and Bradley Berg. The plaintiffs sought to resolve a dispute over the Bergs' possession and use of waterfront land within the parties' subdivision. The plaintiffs named all other owners within the subdivision as defendants, including the Bergs and two entities the Bergs established to hold title to the disputed land, BTJJ Holdings, LLC, and BTJJ Conservation Corp.

The case went to trial in 2023 and resulted in a twenty-four-page final declaratory judgment. The judgment contains a nearly twelve-page factual background section that quotes numerous provisions of the Declaration of Covenants, Codes, and Restrictions for the parties' subdivision, including the following:

> 41. Section 10.11 of the Declaration[] specifies in pertinent part, as follows:
>
> > "Commencing March 20th, 2002, the Owner(s) of each Lot, other than the Developer, shall be obligated for assessments for Common Expenses in the amount of $100.00 per Lot per year (the "Guaranteed Assessment") . . . ."
>
> (Stip. Facts No. 42)
>
> 42. Section 11.5 of the Declaration[] states:
>
> > **Enforcement - Attorneys Fees**. The Association, or any Lot Owner, shall have the right to enforce, by any proceeding, at law or in equity, all restrictions, conditions, covenants, reservations, liens or charges now or hereafter imposed by the provisions of this Declaration. Failure by the Association or by any Lot

> Owner to enforce any covenant or restriction herein shall in no event be deemed a waiver of the right to do so hereafter. In the event any legal proceeding is required to enforce the terms and conditions of this Declaration, the prevailing party shall be entitled to recover all costs incurred therewith including reasonable attorneys' fees whether or not suit may be filed.

(Pl. Ex. 40 at pg. 16)

43. No Lot Owner has paid the $100.00 Annual Guaranteed Assessment, or any other assessment at any time. (Stip. Facts No. 43).[1]

The judgment next spends ten pages analyzing the issues in the underlying case, after which it adjudicates the parties' rights and responsibilities with respect to the disputed land. And pertinent here, the final paragraph of the final declaratory judgment states in its entirety: "The Court finds that the Plaintiffs are the prevailing party in this cause, and reserves jurisdiction to consider an award of appropriate attorney's fees and costs."

The judgment was filed on March 20, 2023. Several months later, on June 8, 2023, Mr. Scurry filed an affidavit of attorneys' fees and costs from his counsel attesting to the amounts incurred. Mr. Scurry then scheduled a hearing "on Reasonableness and Amount of Plaintiff's Prevailing Party Attorneys Fees and Taxable Costs," which the trial court ultimately held on February 20, 2024.

By that time, a different trial judge was assigned to the case and the successor judge presided over the hearing. The Bergs argued that Mr. Scurry's pursuit of fees and costs was untimely under rule 1.525 because he did not file a motion within thirty days after the final

---

[1] Paragraphs 41 and 43 of the judgment are not pertinent to this appeal but are provided for context.

judgment was filed. For his part, Mr. Scurry maintained that the preceding judge determined entitlement by finding the plaintiffs to be the prevailing party. Accordingly, he contended that he was not required to file a rule 1.525 motion based on the exception recognized in *AmerUs*, 2 So. 3d at 207–08. The trial court agreed, and after an evidentiary hearing, it entered a final judgment holding the Bergs and their entities jointly and severally liable for Mr. Scurry's attorneys' fees and costs.

This appeal followed. The sole issue is whether the trial court properly applied the *AmerUs* exception to rule 1.525 in awarding attorneys' fees and costs to Mr. Scurry. Our review is de novo. *See AmerUs*, 2 So. 3d at 205; *HCA Health Servs. of Fla., Inc. v. Berlin*, 383 So. 3d 840, 841 (Fla. 4th DCA 2024).

## II.

Rule 1.525 provides that "[a]ny party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after filing of the judgment." Our supreme court adopted this rule decades ago to "establish[] a bright-line time requirement for motions for costs and attorney fees." *Saia Motor Freight Line, Inc. v. Reid*, 930 So. 2d 598, 600 (Fla. 2006). The purpose of the rule was twofold: "to cure the 'evil' of uncertainty created by tardy motions for fees and costs," and "to eliminate the prejudice that tardy motions cause to both the opposing party and the trial court." *AmerUs*, 2 So. 3d at 205–06 (quoting *Barco v. Sch. Bd. of Pinellas Cnty.*, 975 So. 2d 1116, 1123 (Fla. 2008)).

Uncertainty followed the rule's adoption, and the district courts of appeal split over whether a reservation of jurisdiction in a final judgment extended rule 1.525's thirty-day deadline. *See Saia*, 930 So. 2d at 598–99. This district held that it didn't, and we strictly enforced the bright-line requirements of rule 1.525 in *Gulf Landings Ass'n v. Hershberger*,

4

845 So. 2d 344, 346 (Fla. 2d DCA 2003). Our supreme court agreed with our approach and resolved the conflict in *Saia*, holding that a judgment reserving jurisdiction "to award the [p]laintiff costs and to consider [p]laintiff's claim for attorneys' fees upon a determination of entitlement" did not alter the requirements of rule 1.525. 930 So. 2d at 599–600.

A few years after *Saia*, our supreme court decided *AmerUs* and carved out an exception to rule 1.525. The final judgment in *AmerUs* stated that the defendant was "liable to the plaintiff" for attorneys' fees and costs, "which are reserved at this time." *AmerUs*, 2 So. 3d at 204. The court held that rule 1.525 "does not apply when the trial court has determined entitlement to attorneys' fees and costs in its final judgment, but reserves jurisdiction *only* to determine the amount in attorneys' fees and costs that is owed." *Id.* at 207–08 (emphasis added). The court reasoned that "[b]ecause the purpose for adopting rule 1.525, avoidance of prejudice and unfair surprise, is satisfied once the trial court determines entitlement to attorneys' fees and costs, the thirty-day time requirement for filing motions for attorneys' fees and costs under rule 1.525 is no longer necessary." *Id.* at 207.

What's clear from *Saia* and *AmerUs* is that the language in a final judgment matters. The judgment in *Saia* clearly reserved jurisdiction to determine entitlement at a later time, whereas the judgment in *AmerUs* clearly determined entitlement by stating that the defendant was "liable" for the plaintiff's attorneys' fees and costs. This critical distinction determines whether rule 1.525 applies. But what happens when a final judgment is less clear, where it finds a prevailing party (without reference to fee entitlement) and reserves jurisdiction to "consider an award" without an explicit statement of entitlement? We recently explained that

5

[w]hen a court retains jurisdiction to address post-judgment matters such as authorized motions for attorney's fees and costs, *without a specific finding of entitlement* in the order, a party's motion for attorney's fees and costs that is filed more than thirty days after the trial court's order is entered is untimely.

*Lyons Heritage of Tampa, LLC v. Phillips*, 385 So. 3d 656, 660 (Fla. 2d DCA 2024) (quoting *Fleming v. Blackwell-Gomez*, 290 So. 3d 961, 962 (Fla. 3d DCA 2019)). The fact pattern in *Lyons Heritage* differs from the instant case, but the law of this district and several others still requires "*a specific finding of entitlement*" to invoke the *AmerUs* exception to rule 1.525. *See id.*; *Fleming*, 290 So. 3d at 962; *see also Hovercraft of S. Fla., LLC v. Reynolds*, 211 So. 3d 1073, 1076 (Fla. 5th DCA 2017) ("In order to avoid the thirty-day requirement [of rule 1.525], the judgment itself must determine entitlement to attorney's fees and costs and reserve jurisdiction only as to the amount owed." (citing *AmerUs*, 2 So. 3d at 207–08)). While no magic words are necessary to make such a finding, we conclude that the final declaratory judgment in this case does not suffice.

Here, the judgment refers to attorneys' fees only twice in its twenty-four pages. The first reference appears in the factual background section, which quotes an attorneys' fee provision from the Declaration in between paragraphs discussing assessments. The judgment does not analyze or comment on the fee provision, nor does it indicate that any party is seeking fees under it. The second reference to attorneys' fees appears much later, in the final paragraph of the judgment. It states that "the Plaintiffs are the prevailing party," and it "reserves jurisdiction to consider an award of appropriate attorneys' fees and costs." This statement does not mention entitlement or amount, does not refer back to the fee provision in the Declaration, and does not establish that any of

6

the defendants are liable for the plaintiffs' attorneys' fees. The judgment's reservation of jurisdiction to "consider an award" also does not clearly indicate that the only thing left to do is determine an amount. In short, it is not clear from the face of the judgment that the trial court already had determined that Mr. Scurry was entitled to recover his attorneys' fees and costs from the Bergs, and that the reservation of jurisdiction was "only to determine the amount in attorneys' fees and costs" Mr. Scurry was owed. *See AmerUs*, 2 So. 3d at 207. Consequently, *AmerUs* is inapplicable.

Mr. Scurry nonetheless contends that the judgment's finding of prevailing party, coupled with the quoted provision from the Declaration stating that "the prevailing party shall be entitled to recover" fees and costs, is a clear determination of entitlement.[2] That very well may have been the trial court's intent. But reaching this conclusion requires us to piece together parts of the judgment—which the judgment itself does not link—and infer what the trial court meant. We decline to expand the *AmerUs* exception to encompass a judgment that does not explicitly and

---

[2] Although a prevailing party determination and an entitlement determination are certainly interrelated, they are not identical. A prevailing party analysis typically follows the standard announced in *Moritz v. Hoyt Enterprises, Inc.*, 604 So. 2d 807, 810 (Fla. 1992), and determines which—if either—party prevailed on the significant issues in the litigation. While this determination is often critical to an entitlement finding, it is not the end of the entitlement analysis. Courts also should consider, for example, whether a claim for attorneys' fees was properly pled, *see Stockman v. Downs*, 573 So. 2d 835, 837–38 (Fla. 1991), and whether the contractual or statutory basis for a requested award is enforceable or applicable. Thus, there is an analytical gap between the judgment's finding of prevailing party and a determination of entitlement as required by *AmerUs*, which we can fill only with speculation due to the judgment's lack of specificity on entitlement.

unequivocally find one side liable for the other's attorneys' fees and costs.

Our decision is consistent with both the purpose of rule 1.525 and the reason for the *AmerUs* exception. As we've explained, "[r]ule 1.525 was created to establish a bright-line rule to resolve the uncertainty surrounding the timing of . . . posttrial motions." *Diaz v. Bowen*, 832 So. 2d 200, 201 (Fla. 2d DCA 2002); *see also AmerUs*, 2 So. 3d at 207 (explaining that the rules committee "unanimously agreed that the purpose behind adopting rule 1.525 was 'predictability and clarification' "). A less-than-clear finding of entitlement in a judgment leaves room for interpretation and uncertainty, and it does not make postjudgment proceedings predictable or the parties' postjudgment path clear. We also can't help but recognize the uncertainty that the language of the judgment led to in this case. Applying the *AmerUs* exception here would thus promote—and not prevent—the very uncertainty that rule 1.525 is intended to avoid.

Furthermore, the *AmerUs* exception exists because a finding of entitlement in a judgment puts the parties on notice that the trial court already determined entitlement, which renders a motion to determine entitlement redundant and unnecessary. *See AmerUs*, 2 So. 3d at 207. Where a judgment is subject to different reasonable interpretations, one that decides entitlement and another that leaves at least part of the decision for another day, notice is lacking and the need for a rule 1.525 motion remains. Parties also should not have to question—and then incur more fees litigating—whether a postjudgment motion for attorneys' fees is required. Rule 1.525 eliminated this uncertainty, and we decline to revive it by extending the *AmerUs* exception to this case. Doing so

8

could dim the rule's bright-line requirements, diminish its purpose, and cause the exception to swallow the rule.

We acknowledge that this case is a close call and that Mr. Scurry makes valid arguments for why the final declaratory judgment determined his entitlement to attorneys' fees and costs. However, the Bergs also make valid arguments for why the judgment did no such thing. The parties' diametrically different but equally reasonable interpretations reinforce our conclusion that the final declaratory judgment lacks the specific finding of entitlement that *AmerUs* contemplates. Mr. Scurry was therefore required to file a timely motion under rule 1.525 to recover his attorneys' fees and costs in this action.

### III.

"There is little question that bright-line rules can create inequities like those apparent in this case." *Gulf Landings Ass'n*, 845 So. 2d at 346. But "[a]s unpleasant as it is," we must uphold the requirements of rule 1.525. *Id.* The final declaratory judgment did not expressly determine Mr. Scurry's entitlement to attorneys' fees and costs, nor did it reserve jurisdiction only to determine the amount Mr. Scurry was owed. Thus, the requirements of rule 1.525 applied and the *AmerUs* exception did not. Because the trial court awarded attorneys' fees and costs to Mr. Scurry in the absence of a timely motion, we reverse the final judgment of attorneys' fees and costs and remand for its vacatur.

Reversed and remanded.

SILBERMAN and MORRIS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.